<hr />

FREDERICK HEAMANN, Respondent, *v.* PORTER, BUSCH *et als.,* Appellants.

*Mechanic's Lien—Sub-contractor.*—The right of the lienholder under Sess. Acts 1857, p. 668, does not depend upon his good faith in the statement of his demand, and is not divested for the reason that the sum claimed is excessive.

*Mechanic's Lien—Sub-contractor.*—Under the law applicable to St. Louis county, Acts 1857, p. 668, the sub-contractor is not required to give notice to the owner of his intention to do work or furnish materials. The 2d sec. of R. C. 1855, p. 1066, is not in force in St. Louis county.

*Appeal from St. Louis Land Court.*

*R. F. Wingate,* for respondent.

*D. T. Jewett,* for appellant.

The instructions Nos. 1 and 2, asked by defendants and refused, ought to have been given, because the lien law of 1857, applicable to St. Louis county, sec. 3, provides that the claimant shall file a just and true account, after all just credits have been given to which the debtor is entitled, and shall do this under oath.

The verdict of the jury, which was justified by the evidence, shows that in their opinion the plaintiff did not file a true account; for the verdict, deducting interest, is for about one hundred dollars less than the balance claimed by plaintiff in his lien filed. The statute plainly contemplates that the party claiming a lien, especially when he is a sub-contractor, shall act in good faith, at least, in setting forth in his lien the amount due him. It is very important to the owner of the property, as well as the contractor, that a just and true account should be filed ; because they may see fit to pay it without a lawsuit, and it would be a gross perversion of the fair and proper meaning of the statute to allow an entire stranger to come in and file an intentionally false account, and compel the owner, or contractor, to fight a lawsuit to get at the true amount; and then when they prove the amount was not correct, to impose no penalty except that of a reduction of the amount.

The point has never been decided in this State ; but in Underwood v. Walcott, 3 Allen's Mass. R. p. 464, it has been by the reasoning of the court, decided under a statute of that State having the same provision in that respect as ours, that a lien filed making an intentionally false statement of the amount due, would be void.

The section in the Massachusetts statute on that subject is found in the Revised Statutes of that State for 1860, p. 762, and is as follows : " Shall file in the office of the clerk

Heamann v. Porter, Busch et als.

of the town or city in which the same is situated, a statement of a just and true account of the amount due him, with all just credits given, together with a description of the property intended to be covered by the lien sufficiently accurate for identification, with the name or names of the owner or owners of the property, if known; which certificate shall be subscribed and sworn to by the person claiming the lien, or by some one in his behalf, and shall be recorded," &c.

In the case referred to, the jury found a less sum due than was stated in the lien filed; but the question was submitted to the jury under proper instructions, whether the error was intentional or not, and the jury found that the error was *not intentional*. It was insisted before the Supreme Court, that still as it was not a *true account*, the lien was void; but the court held that as the question of *intention* had been submitted to the jury, and they had found no intentional misstatement, the lien was not void for an error only.

The petition does not state facts sufficient to constitute a cause of action, (vide sec. 6, Act of 1857,) because the lien law of 1857, applicable to St. Louis county only, does not repeal the general statute of 1855 on the same subject, but only such parts of it as are inconsistent with the act of 1857. (Schulenberg v. Gibson, 15 Mo. 284; Wibbing v. Powers, 25 Mo. 599.)

The mechanics' lien act of 1855, sec. 20, requires all persons but those contracting with the owner to give notice to the owner, that they are about to do work or furnish materials, otherwise they can have no lien.

The provision of the general act of 1855, which gives priority to liens in the order of their being filed, has not been repealed in this county by the act of 1857, though that act goes over the whole ground necessary to establish a lien from the beginning to the end, and says nothing upon the subject of priority. There is nothing in that portion of the act of 1855 requiring preliminary notice inconsistent with the provision of the act of 1857 requiring subsequent notice.

DRYDEN, Judge, delivered the opinion of the court.

This was a suit under the Mechanics' Lien Law, specially applicable to St. Louis county, (Session Laws of 1857, p. 668,) to enforce a lien against a house and lot in the city of St. Louis, for brick sold and delivered by the respondent to the defendant Busch, as sub-contractor, and used by him in the construction of the house. The amount claimed was $727. 14, being a balance after deducting a credit of $47.06. The petition is in the usual form, containing the averments, among others, that the respondent had in proper time filed with the clerk of the St. Louis Land Court "a just and true account of the said demand due him, after all just credits had been given," verified as required; and that more than ten days before the filing of the account he had given the owners of the building notice of his claim. There was nothing in the petition showing the respondent had given the owners of the building notice of his intention to furnish the brick prior to furnishing the same.

Busch, the sub-contractor, made default; Pond, the contractor, and Camden and Case, the owners, answered separately. The owners aver payment of the contract price to Pond, and he full payment to Busch, before notice of the plaintiff's claim. The following is all that the answers contain touching the integrity of the account filed and the credits given, viz.: "This defendant (Pond) denies that the plaintiff has set forth in his petition a true account of the brick furnished to said Busch for said houses, and that he has given in said account all just credits for money paid him by said Busch." * * * * * * "This defendant avers that he is informed and believes, and so charges, that said Busch has paid said plaintiff the sum of two hundred and fifty-seven dollars, which ought to be credited on said account, instead of the sum of $47.06 as credited on said account, so set forth in said petition."

On the trial, evidence was introduced tending to show, as well that the account overstated the number of brick fur-

nished, as that partial payments had been made prior to filing the lien, not credited on the account. The verdict was for the respondent for $628.94, and judgment accordingly, and for the sale of the property charged with the lien in default of payment by Busch, the debtor. The defendants who answered have brought the case here by appeal.

The appellants asked the Land Court to instruct the jury, that if the account filed for a lien was for a sum materially larger than was justly due, and was so filed with the knowledge of the plaintiff that the sum claimed was thus excessive, the lien for the amount actually due was thereby made void; and the refusal of the court so to declare the law, is urged as a ground for the reversal of the judgment.

1. The court committed no error in the refusal of the instruction. If the Legislature had intended the right of the lienholder should depend upon the question of his good faith in the statement of his demand, such intention would not have been left to mere construction, but would have been expressed in plain words. The lien is the result of the performance of labor, or of furnishing materials (§ 1, p. 668, Sess. Acts 1857), and there is nothing in the law countenancing the proposition that the right thus given is avoided or divested by reason of the sum claimed being excessive, whether the excess be great or small, or whether the claim be made with knowledge or in ignorance of the true amount due.

2. The provisions of the 2d sec. of the general law (R. C. 1855, p. 1066) requiring a sub-contractor wishing to avail himself of the benefits of the act, to give notice to the owner prior to his doing work or furnishing materials, are inconsistent with the provisions of the act of 1857 specially applicable to St. Louis county, and are therefore not in force in that county. (Sec. 20, Acts of 1857, p. 671.) The Act of 1857 requires no prior notice from the sub-contractor of his intention to perform work or furnish materials, and the petition in this case is therefore not subject to objection for want of the averment of such previous notice.

Let the judgment be affirmed; the other judges concurring.