HOFFMAN et al., Appellants, v. WALTON & HYNES, Respondents.

1. *Mechanics' Lien—Credits.*—Where a party filing a mechanic's lien under the statute applicable to St. Louis county, of February 14, 1857, omits to give the credit for payments made, he cannot enforce his lien upon the property of the owner of the building.

*Appeal from St. Louis Land Court.*

*C. D. Drake,* for appellants.

The plaintiffs having filed a lien for a greater sum than that due them after all just credits given, have thereby lost the right to enforce any lien against the defendants' property.   (Thatcher v. Powell, 6 Wheaton, 119; McCay's Appeal, 37 Penn. Stat. 125; Edgar v. Salisbury, 17 Mo. 271.)

*A. Hamilton* with *Van Waggoner*, for respondents.

I. The statute establishes a privity and liability between the sub-contractor and the owner of the property. (23 Mo. 111; White v. Miller, 6 Harris, 54, and 31 Vt. 221.)

II. The mere mistake in the amount, which was corrected on the trial, did not vitiate the whole claim. The law will be construed liberally in favor of the mechanic and material-man. According to the notion of the defendant Hynes, a mere error in the addition or in the computation of interest, or a mistake as to a disputed item of credit or payment—in fact, a verdict or lien filed in any case for less than the amount due, would defeat the entire demand. (10 Ohio, 158–9.)

WAGNER, Judge, delivered the opinion of the court.

There is but one question in this case which it is deemed necessary to notice, and that is, whether the failure on the part of the plaintiffs to give all the just credits to which the defendants were entitled when the demand was filled, worked a forfeiture of the lien. The account filed, for which a lien was asked, was for the sum of $1,771.14, and it was admitted that before the filing of the same the sum of $160 had been paid thereon, which had been neglected to be credited.

By an act entitled "An act for the better security of mechanics and others erecting buildings or furnishing materials for the same in the county of St. Louis," approved February 14, 1857, (Sess. Acts 1857, p. 668,) it is provided as follows: "§ 3. And it shall be the duty of every original contractor, within six months, and every journeyman and day laborer, within thirty days, and of every other person seeking to obtain the benefit of this act, within four months after the indebtedness shall have accrued, to file with the clerk of the St. Louis Land Court a just and true account of the demand due him or them, after all just credits have been given, which is to be a lien upon such building or other improvements, and a true description of the property or so near as to identify the same upon which the lien is intended to apply,

with the name of the owner or contractor, or both, if known to the person filing the lien, which shall in all cases be verified by the oath of himself or some credible person for him."

It will be seen that the account or statement of demand required to be filed in order to secure a lien, under the act, must contain three things: first, a just and true account, after all credits have been given; second, a true description of the property on which the lien is intended to apply; and third, the name of the owner or contractor, or both, if known to the person filing the lien, and it must also be verified by oath. We need not inquire why the Legislature required such a statement to be made and filed as a prerequisite to a lien, though good and sufficient reasons for its propriety readily suggest themselves.

The lien, when filed in accordance with law, operates as an encumbrance. It may be of great and essential moment to the owner of the property to know the exact amount for which it is encumbered.

The mechanic or material-man who claims the lien may omit to give the proper credit, as well for a large as a small amount. The party owning the property may be desirous of selling. A purchaser might be found perfectly willing to buy with a certain amount existing against it as a lien, but not if it was encumbered greatly in excess over that amount. Protracted litigation may ensue on an attempt to prosecute the lien to final judgment, and the owner be deprived of the market value of his property for an indefinite period, on account of the failure to comply with the statute in giving the just credits. But the right of a mechanic or material-man to a lien on a building which his labor or materials have contributed to erect, nowhere exists at common law. It is purely of statutory creation. It is an extraordinary remedy, and he who seeks to avail himself of it must strictly comply with its conditions. The statute points out a certain mode and manner of proceeding, and if that mode and manner is not pursued the remedy does not exist.

It is required that all just credits shall be given to the ac-

counts; that the property shall be accurately described so that it can be identified in applying the lien, and that the name of the owner or contractor, or both, if known, shall be inserted. These all taken together, make up the constituent or component parts necessary to give validity to the lien. And we are no more authorized to say that any one of these constituents can be dispensed with or omitted than another.

In Ohio, it has been decided that the fact that the amount due was less than that contained in the statement filed did not defeat the lien. (Thomas v. Huesman, 10 Ohio, 152.) But this adjudication was made on a statute wholly different from ours. It required only "that any person entitled to a lien under this act shall make an account in writing of the items of labor, skill, material and machinery furnished, or either of them, as the case may be, and after making oath thereto within four months from the time of performing such labor and skill, or furnishing such material and machinery, shall file the same in the recorder's office," &c. Nothing is said about giving credits, as in the law under consideration; besides, that was not an omission to give a credit, for it does not appear that any payment had been made, but a miscalculation in computing the amount of measurement in some carpenters' work. Being founded on a statute entirely different, and the facts of the two cases being wholly dissimilar, it cannot be regarded as authority here.

The judgment is reversed and the cause remanded. Judge Holmes concurs; Judge Lovelace absent.

*Hamilton,* for respondents, filed a motion for rehearing, citing Underwood v. Walcot, 3 Allen, Mass. 464 ; 10 Metc., Mass. 12, & Heamann v. Porter et als., 35 Mo. 137.)

## Opinion of the Court (by WAGNER, J.)

The counsel for the respondents have filed a motion for a rehearing in this cause, and have referred us to the case of Heamann v. Porter et als., (35 Mo. 137,) which was not

published when the opinion was written. As the opinion in that case is apparently inconsistent with the one delivered by us, we have been led to re-examine the question, and consult such authorities as we could find bearing on it.

It does not appear from the report of the case of Heamannn v. Porter et als. whether the informality in the account arose from a failure to give the just credits, or from an excess charged in the furnishing of materials. Both were set up in the answer in defense, and as the jury in their verdict simply reduced the amount claimed, we are unable to say on which cause their finding was predicated, though the opinion of the court certainly goes to the extent of holding that the lien is not divested by reason of the lienholder making out his account for more than what is due, or by reason of his failing to give credit for what he has received in payment.

We have not held that a mistake in the price of labor, or in the value charged for materials, about which there might be a difference of opinion, requiring evidence to ascertain the true facts, would defeat the lien; but we have decided that receiving part payment and neglecting to credit it on the account, was such a failure to comply with the law as effected that result. So far as the property holder is concerned, the proceeding is strictly *in invitum;* the subcontractor or material-man subjects his property to an encumbrance or burden without any contract with him; it is a special and extraordinary remedy or privilege given by the law; and nothing, we presume, is better settled than that one attempting to avail himself of the advantages of a remedy or privilege of this character, must fully comply with the provisions of the law conferring it.

In Massachusetts, under a statute similar to ours, it has been decided that a lien for labor performed in erecting a house upon the land of another, is not dissolved by an overstatement of the amount due for such labor, if such overstatement was not made wilfully and knowingly. It seemed that the amount of the bill of particulars filed was for $286.11, while the amount claimed in a proceeding to fore-

close the lien was only $259.21, and no credits were given: the court disposed of the case, merely remarking that a jury had found under proper instructions that the petitioners did not wilfully and knowingly claim more than was due them, and therefore they would not say the petition could not be maintained. (Underwood v. Walcott, 3 Allen, 464.)

The Pennsylvania statute requires *inter alia* that the mechanic or material-man, in filing a lien on a building for labor or materials expended in its construction, shall set forth in his statement, among other things, the name of the contractor, architect or builder, when the contract for the complainant was made with such contractor, architect or builder. McCay contracted to do work with Thompson, the contractor for the erection of a building, which was owned by one Scott; in filing his lien he mentioned the name of Scott, the owner, and omitted that of Thompson, the contractor, and the Supreme Court unanimously held that the defect was fatal and defeated the lien. And Judge Strong, in delivering the opinion of the court, uses the emphatic language, " why the Legislature required such a statement, it is not important to inquire. It may have been for the purpose of insuring a description of the property upon which the claim might be made, or it may have been to direct the owner to the person who could inform him of the justice or injustice of the demand. Whatever the reason may have been, the requirement is as positive and unequivocal as any other which the statute makes. * * * He whose labor has cleared the grounds of another, removed rocks, excavated the ditches, and built the fences, has no lien, though his labor has greatly increased the value of the land upon which it has been expended. To the mechanic, however, the Legislature has given peculiar privileges which are not of common right. Yet they are privileges *sub modo*. They can only be asserted in the manner provided by statute. If mention of the name of the contractor in the claim filed is required as one of the considerations upon which the lien is given, the reason why such a condition is imposed cannot be

material.   It is only in certain cases that it is given at all, and where the condition sare not complied with, the case does not exist." (McCay's Appeal, 37 Penn. Stat. 127.)

So in New York, where the law prescribes that the notice of claim filed must state the name of the owner against whom the lien is sought to be acquired, it is held this is matter of substance—an essential pre-requisite to the creation of the lien; and per Woodruff, J., " it is therefore indispensable to the creation of the lien that the prescribed notice be filed. The sixth section, in which the notice to be filed is particularly and minutely described, provides that it shall be in writing; that it shall specify the amount of the claim; the person against whom the claim is˘ made; the name of the owner of the building; and the situation of the building by the street and number, if the number be known.   These particulars are all material; they are matters of substance," &c.   (Beals v. Cong. &c., 1 E. D. Smith, 654.)   In Roberts v. Fowler, (3 E. D. Smith, 632,) it is declared the remedies created in the mechanics' lien law are of purely statutory and extraordinary nature, and the provisions for their enforcement must be strictly construed.   And in Conklin v. Wood, (3 ibid. 662,) where the law required the notice to create a lien should be verified in the same manner as a pleading under the code of procedure, it was held that an affidavit subscribed to the notice, alleging that the statement of the balance due as therein set forth, was true according to the deponent's knowledge, was not sufficient, but was a fatal defect—defeated the lien and was not amendable.

Now the law under consideration requires that the statement filed shall include a true account, with all just credits given; a description of the property, so that it can be identified, with the name of the owner or contractor, or both if known, and that it shall be verified by affidavit.

These all constitute the elements essential to securing the lien.   We cannot say that one of the constituent parts is more matter of substance than another.   The language

seems plain and unambiguous, and we are not permitted to impair its force or fritter away its meaning by construction.

The motion for rehearing is overruled. Judge Holmes concurs; Judge Lovelace absent.