ROBERT TOWNER ET AL., Respondents, v. O. L. REMICK ET AL., Appellants.

Kansas City Court of Appeals, November 9, 1885.

1. MECHANIC'S LIEN—ACTION BY SUB-CONTRACTOR—NOTICE TO OWNER OR AGENT.—In the case of sub-contractors, as a pre-requisite to their right of action to enforce the lien against the property of the owner, the statute (sect. 3190), prescribes that they "shall give ten days' notice before the filing of the lien * * * to the owner, owners, or agent, or either of them, setting forth the amount and from whom the same is due." A substantial compliance with the statute is sufficient.

2. ——— SERVICE AND PROOF OF IT—OWNERS OR AGENT—MEANING OF.—It is requisite that the notice shall be served *ten days* before the filing of the lien, and there must be legal proof of this fact. Where there is more than one owner, the notice must be served *on all*, or their agent. The words "or either of them" mean that the notice may be given to the owner or his agent, or to the owners or their agent. The notice must be *signed* by the plaintiffs or claimants, or their agents or attorneys.

APPEAL from Jackson Circuit Court, HON. F. M. BLACK, Judge.

*Reversed.*

The facts are stated in the opinion.

J. D. S. Cook and Henry Wollman for the appellants.

I. Plaintiffs must show that the lumber for which the lien is claimed was actually used in the construction of the building. *Simmons v. Carrier*, 60 Mo. 581 ; *Fitzpatrick v. Thomas*, 61 Mo. 516 ; *Schulenburg v. Institute*, 65 Mo. 295 ; *Deardorff v. Everhart*, 74 Mo. 39 ; *Fitzpatrick v. Thomas*, 76 Mo. 514. This was not shown by the evidence.

II. Plaintiff's books were not admissible in evidence, not being books of original entry. *Kissock v. McPherson*, 20 Mo. 310 ; *Cozzens v. Barrett*, 23 Mo. 544; 20 Mo. 13.

III. The contractors were not the owner's agents, and their admissions were not admissible against the owners. *Deardorff v. Everhart*, 74 Mo. 39.

IV. The evidence does not show that *notice* was given ten days before the lien was filed. Unless this was done, the lien is void. Sect. 3190, Rev. Stat. ; *Schubert v. Crowley*, 33 Mo. 564 ; *Davis v. Schuler*, 38 Mo. 24. The notice must be in writing, and complete in itself, and cannot be aided extrinsically.

Henry D. Ashley for the respondents.

I. Plaintiffs do show that the lumber, for which lien is claimed, was used in the construction of the building, though the law does not require them to follow each piece of lumber specifically and affirmatively into the building. Phillips on Mech. Liens (2 Ed.) sect. 151. It was shown that lumber was furnished for and delivered at defendant's building, and the execution and genuineness of receipts was shown. *Ibid*, sect. 127.

II. Plaintiff's books were clearly admissible to show that lumber was sold on the credit of the building,

and the sales tickets, sales books and ledger all showed lumber to have been sold on credit of building. Phillips on Mech. Liens, sect. 124.

III. Lumber was *not* furnished under two separate and distinct contracts, and the fact that part was "estimate stuff" and part "extras" did not make two separate and distinct contracts of a running account. Phillips on Mech. Liens (2 Ed.) sect. 62; *Coal Company v. Steamboat*, 36 Mo. 446; *Ring v. Jamison*, 66 Mo. 424; *Iron Works v. Min. & S. Co.*, 80 Mo. 265.

IV. Plaintiffs gave defendants ten days' notice that they held a claim against the building, setting forth amount and from whom same was due. This lien law is highly remedial, and notice will not be held insufficient on account of any technical objections. *Dewitt v. Smith*, 63 Mo. 263; *Miss. Planing Mill Co. v. Church*, 54 Mo. 520.

PHILIPS, P. J.—This is an action by plaintiffs as sub-contractors to enforce a mechanic's lien on the property of the defendants, Walter A. Bunker and John McEwen. The defendants, O. L. Remick and John M. Stone, were the contractors to build a certain house for said Bunker and McEwen. As such contractors, they bought lumber, etc., from plaintiffs. After the work was done, and the owners of the building had paid off the contractors, plaintiffs attempted to perfect a mechanic's lien on the premises to secure a balance owing them by said contractors amounting to over one thousand dollars. The circuit court found the issues for plaintiffs, and after entering up judgment *in personam* against the contractors, Remick and Stone, foreclosed the lien against the property of Bunker and McEwen, and entered judgment *in rem* against the same. From this judgment Bunker and McEwen prosecute this appeal.

I. Occupying, as the plaintiffs do, the position of sub-contractors, as a pre-requisite to their right of action to enforce the lien against the property of the owners, Bunker and McEwen, the statute (sect. 3190), prescribes

that they "shall give ten days' notice before the filing of the lien to the owner, owners or agent, or either of them, that he holds a claim against such building or improvement, setting forth the amount and from whom the same is due." The notice given in this case is as follows:

"*Mr. W. A. Bunker, Manager K. C. Newspaper Union:*

"Dear Sir—Please to take notice that we hold in our hands for collection a claim of $1,373.60 for lumber furnished by Thompson, Towner & Co., at request of Remick & Stone; that this lumber was used in the construction of your property, corner of Ninth and Ann streets, and that we shall file a mechanic's lien for this amount upon said building and property, unless same is settled by April 6, next.

"M. E. Jones and H. D. Ashley,

"Per Ashley."

To this notice was appended the following certificate:

"Served the within notice on W. A. Bunker by delivering to and leaving with him a true copy thereof, this twenty-fifth day of March, 1882.

"Henry D. Ashley."

Is this notice a substantial compliance with the statute? Certainty to a common intent is sufficient in these notices. Adherence to mere form is not so essential as to substance; and such nicety and rigidity of construction should not be applied to this statute as would destroy its purpose or unduly perxlex and embarrass the remedy for the protection of the artisan and material man. And yet the courts cannot lose sight of the fact that such a right as the sub-contractors are seeking to enforce is one *in invitum*, so far as the owners of the property are concerned. *Hoffman v. Walton*, 36 Mo. 617. Between the owners of the property and the sub-contractor there is no equity, because there is no privity of contract. Phil. on Mech. Liens, sect. 349. As the

right to the extraordinary remedy pursued by the plaintiffs is conferred alone by statute, both on principle and authority, the statute must be followed in all its substantial requirements.

The first requisite of the section of the statute under consideration is, that the notice must be served ten days before filing the lien. There was actually no proof as to the date when it was served in this case. The certificate of Henry Ashley is not competent evidence of such service. It is not claimed that he was an officer whose return would be *prima facie* evidence of the fact and date of service. The certificate of this private citizen is not even sworn to. In this particular, the notice is, therefore, bad.

The next requirement of the statute is, that the notice must be given "to the owner, *owners* or agent, or either of them." The grammatical structure of the words, as well as the obvious purpose of the law, compel the construction that where there is more than one owner the notice must be served on all, or their agent. The words: "or either of them," mean that the notice may be given to the owner, or his agent, or to the owners or their agent.

Bunker and McEwen are the joint owners, tenants in common, of this property. Waiving any discussion of the question made as to whether the notice to "Mr. W. A. Bunker, Manager K. C. Newspaper Union"—he being at the head of such an institution—is sufficient to bind him individually, it was certainly not good to bind the property owned by him and McEwen. This was so held, in effect, in the concluding part of the opinion in *Schulenburg et al. v. Bascom et al.* (38 Mo. 189); and we are of opinion that such is the plain mandate of the statute. The language of the statute is so explicit that it must stand for a reason. Nor can this omission in the notice be cured by the parol testimony of Ashley, that he was referred by McEwen to Bunker as the party to serve. There is no question of estoppel *in pais* in the issues.

The notice must be in writing and served on the owners. *Schulenburg et al. v. Bascom et al., supra; Hess et al. v. Poultney et al.*, 10 Md. 257.

We further hold that this notice is bad because it is not signed by the plaintiffs, nor does it purport even to be signed by their agent. It is signed by "M. E. Jones and H. D. Ashley, per Ashley." They do not sign as agents or attorneys. Even if it were competent to supply this omission by parol testimony, we fail to find anything in the record which would authorize Jones and Ashley to take steps to enforce a mechanic's lien. The notice does not state that Thompson, Towner & Co. will file a lien, but that "we"—that is, Jones and Ashley—will file such lien. The defendants had a right to disregard such a notice. *Schulenburg v. Bascom, supra.*

The infirmity of this notice presents an insuperable obstacle to the enforcement of the lien. This renders it unnecessary to notice other matters of error raised by the appeal.

The judgment of the circuit court, as to the appellants, is reversed. All concur.