Robert L. Henry et al., Appellants, v. Walter A. Bunker et al., Respondents.

Kansas City Court of Appeals, June 14, 1886.

Mechanic's Lien—Material Men—Notice—Construction of Section 3190, Revised Statutes.—Section 3190, Revised Statutes, provides that "every person, except the original contractor, who may wish to avail himself of the provisions of this article, shall give ten days' notice before the filing of the lien, as herein required, to the owner, owners, or agent, or either of them, that he holds a claim," etc. In this case the agency of the person on whom notice was served, was confined to renting the offices and rooms in the building (according to a schedule of prices made by his co-tenant), during the absence of his co-tenant from the city. Held, that these facts do not constitute an agency for receiving notice for co-tenant, and that the notice had no reference to such business as was within the scope of such authority.

Appeal from Jackson Circuit Court, Hon. Turner A. Gill, Judge.

Affirmed.

Statement of case by the court.

This was an action to enforce a mechanic's lien against the property of the defendants Bunker and McEwen. The defendants Remick and Stone were the original contractors for the erection of the building on the premises described in the petition. The lien was sought on account of material furnished to the original contractors and used

by them in the construction of the building. Remick & Stone made default.

The case, as to Bunker and McEwen, was submitted to the court, sitting as a jury, upon an agreed statement of facts, which, so far as it is material for this report to state, showed that the plaintiffs served the notice required by section 3190, Revised Statutes, in the manner and under the circumstances following:

"By causing the same to be delivered by their agent to John McEwen, being at that time one of the owners of said building and having authority, by agreement with his co-tenant in common, Walter A. Bunker, to rent offices and rooms in the building, according to a schedule of prices made by said Bunker, in the absence of said Bunker fron Kansas City; that said Bunker had general charge of said building and the renting thereof, and said McEwen only had charge of the renting of said building during the absence of said Bunker from Kansas City; that defendant McEwen, when asked whether he was the agent of Bunker or not, at the time the notice was served, answered that he did not know whether he was or not; that at the time of the delivery of said notice to said McEwen, said Bunker was absent from Kansas City."

The court found in favor of the defendants Bunker & McEwen, and judgment was accordingly rendered, from which the plaintiffs have appealed to this court.

W. J. STRONG, for the appellants.

I.   The assignee of an account, for which the assignor might have had a lien, is entitled to all the rights of the assignor. (Here the assignment was of a co-partner's interest to *his* co-partners). There is now no distinction, in this state, between legal and equitable assignments. Therefore, the court erred in refusing to *enforce* the lien asked by plaintiffs. *Goff v. Papin*, 34 Mo. 177; *Jones v. Hurst*, 67 Mo. 568; *Allen v. Mining Co.* 73 Mo. 688; *Murphy v. Adams*, 71 Me. 118.; *Kerr v. Moore*, 54 Miss. 286; *Laege v. Bossieux*, 15 Gratt. (Va.) 83; *Tuttle*

*v. Howe*, 14 Minn. 150; *Davis v. Bilstand*, 18 Wall. (U. S.) 659.

II.   The statute gives a lien preference over all incumbrances that may have been put upon the property after the commencement of the building.   Sect. 3174, Rev. Stat.   And for all beneficial purposes, the lien commences from that date.   *Douglass v. Zinc Co.*, 56 Mo. 388.

III.   The filing of the account does not create the lien; the lien arises from the contract to furnish material and their use in the building.   There is no more a lien after the account is filed than before, but simply the *right* to a lien; the lien is not *established* until after suit is brought and judgment rendered.

IV.   These plaintiffs were *three* of the original *four* owners of the claim sued upon, and as such *survivors*, were entitled to enforce their lien.

J. D. S. COOK and HENRY WOLLMAN, for the respondents.

I.   The right to file a mechanic's lien is a personal right *which cannot be assigned*, and the assignment of the account does not carry with it the right to file the lien.   *Griswold v. Ry.*, 18 Mo. App. 52.

II.   The notice of the intention to file the lien was served upon McEwen alone, the property belonging to him and Bunker.   This court in the case of *Towner v. Remick* held the notice in that case insufficient—being served upon Bunker alone—he and McEwen being tenants in common, and the lien based thereon was for that reason invalid.   *Towner v. Remick*, 19 Mo. App. 205.

III.   On both of these grounds the judgment of the trial court should be affirmed, as in conformity with the rulings of this court.

HALL, J.—The plaintiffs were not original contractors.   Section 3190, Revised Statutes, provides that,

"every person, except the original contractor, who may wish to avail himself of the provisions of this article, shall give ten days' notice before the filing of the lien, as herein required, to the owner, owners or agent, or either of them, that he holds a claim against such building or improvement, setting forth the amount and from whom the same is due."

In the case of *Towner v. Remick* (19 Mo. App. 205), Bunker & McEwen were, as they are in this case, the owners of the property, being tenants in common. The notice had, in that case, been given to McEwen alone. We held that the notice required by the above statute must, in such case, be given to each of the owners, and that the giving of the notice to one of the owners is not sufficient. If the two owners had one agent a notice given to the agent would be sufficient. Or, if one of the two owners only has an agent, a notice given to the other owner and also to the agent would be sufficient. And there is, of course, no reason why one of the owners may not act as the agent of his co-owner.

The question in this case is, was McEwen the agent of his co-tenant, Bunker? The agreed statement of facts is to be treated as a special verdict. Did the facts contained in said statement constitute McEwen Bunker's agent for receiving the notice? We think not. "An agent for one purpose is not an agent for every other purpose." *Anderson v. Volmer*, 83 Mo. 406. Unless the notice referred to business which came within the scope of McEwen's authority as agent, the notice was not properly given to him for Bunker. *Id.* The authority of McEwen was, according to the agreed statement of facts, confined to renting the offices and rooms in the building according to a schedule of prices made by Bunker, in the absence of Bunker from Kansas City. The notice had no reference to such business as was within the scope of such authority.

For this reason we think that the finding of the circuit court was proper. Hence, it is unnecessary for

us to consider the objection made by the plaintiffs, on account of the refusal by the court to give the declaration of law asked for by them. Had the court given that declaration of law, it, nevertheless, should have found for the defendants, under our view of this case.

Judgment affirmed. All concur.