SENTINEL WOODTREATING, INC., Plaintiff-Appellant,

v.

CASCADE DEVELOPMENT CORPORATION, Mayfair Development, Inc., and Continental Bank & Trust Company, Defendants-Respondents.

No. 11527.

Missouri Court of Appeals,
Southern District,
Division One.

May 15, 1980.

James C. Butcher, Butcher, Cline & Mallory, Columbia, for plaintiff-appellant.

David T. Welch, Ronald K. Carpenter, Phillips, McElyea, Walker & Carpenter Corp., Camdenton, for defendants-respondents.

PREWITT, Judge.

Plaintiff appeals from the trial court's determination that it is not entitled to a mechanic's lien. Plaintiff furnished materials to a contractor who erected a building on property owned by Cascade Development Corporation (Cascade), in Camden County. The materials were furnished on December 21, 1976. On March 15, 1977, a notice of intention to file a mechanic's lien was filed by plaintiff in the recorder of deeds office in Camden County, and on April 6, 1977, the notice was served on Cascade's president in Camden County. This notice claimed an indebtedness of $828.51. On April 4, 1977, an amended notice of intention to file a mechanic's lien was mailed to Cascade's registered agent by

certified mail and filed on April 6, 1977, in the recorder of deed's office in Camden County. There was no showing of actual receipt of the amended notice by the registered agent. The amended notice claimed a balance due of $3,153.96. A cashier's check dated April 2, 1977, for $828.51 was sent to plaintiff from the contractor and plaintiff cashed it in August of 1977. A mechanic's lien statement was filed in the circuit clerk's office on April 20, 1977. Plaintiff received a judgment against the contractor for $2,325.45 but was denied a lien on Cascade's property. The trial court determined that there was improper service of the amended notice.

■ Section 429.100, RSMo.1969, provides that one other than an original contractor must give ten days notice before filing a mechanic's lien to the owner "that he holds a claim against such building or improvement, setting forth the amount and from whom the same is due". The notice may be served by an officer authorized to serve process or by any person who would be a competent witness. This statute implies that the notice must be in writing and the cases so hold. *Schulenburg v. Bascom*, 38 Mo. 188, 191–192 (1866); *Towner v. Remick*, 19 Mo.App. 205, 210 (1885). An alternative method of notice is provided by § 429.110, RSMo.1969, if the owner of the property is not a resident of the state or has no agent in the county where the property is located, or the owner conceals or has absconded or absents himself from his usual place of abode so that the notice required by § 429.-100 cannot be served. In such event, the notice may be filed in the recorder of deeds office in the county where the property is located. The service of preliminary notice under either or both of these sections is required for one other than an original contractor to receive a mechanic's lien. *Hertel Electric Company v. Gabriel*, 292 S.W.2d 95, 102 (Mo.App.1956). However, the manner of service is immaterial where it clearly appears that the owner actually received adequate written notice not less than ten days prior to the filing of the lien claim. Id.

■■ There are other principles that we follow in considering whether plaintiff suf-

ficiently complied with the notice provisions. The mechanic's lien law is remedial in nature and its purpose is to give security to mechanics and materialmen for labor and materials furnished in improving the owner's property and it should be construed as favorable to those persons as its terms will permit. *R. L. Sweet Lumber Company v. E. L. Lane, Inc.*, 513 S.W.2d 365, 371 (Mo. banc 1974), 76 A.L.R.3d 596. *Boyer Lumber, Inc. v. Blair*, 510 S.W.2d 738, 747 (Mo. App.1974). However, this policy of liberal construction does not relieve a lien claimant from the necessity of substantially complying with the requirements of the mechanic's lien statutes. *Kinnear Manufacturing Company v. Myers*, 452 S.W.2d 599, 602 (Mo.App.1970). A reasonable and substantial compliance with the statutory requirements is a condition precedent to the establishment of a mechanic's lien. Id.

■ The amended notice was not served in accordance with the statutory requirements of § 429.100 and actual receipt of it was not shown. Plaintiff's attorney testified that he mailed this notice to Cascade's registered agent, but no return receipt or other proof that the agent received it was offered. The presumption of delivery would not be sufficient to show receipt as the statutory method of service of notice must be followed unless "it clearly appears that the owner actually received the written notice". *Hertel Electric Company v. Gabriel*, supra, 292 S.W.2d at 102. Nor did plaintiff make the necessary evidentiary showing for constructive notice to be proper under § 429.110. A lien claimant has the burden of showing the statutory prerequisites to the validity of the constructive service of notice under § 429.110. *Hertel Electric Company v. Gabriel*, 316 S.W.2d 139, 140 (Mo.App.1958). Plaintiff offered no evidence that Cascade did not have an agent or could not be served in Camden County. There was evidence that Cascade's president resided there all during the period when service of the notice should have been made. Plaintiff claims that the trial court was in error in stating that personal service of the amended notice would be necessary, as actual notice would suffice. However,

there was no evidence of actual notice and under the facts presented to the court at the trial, failure to have personal service, when no proper alternate method of service was shown, was not substantial compliance with the mechanic's lien statutes.

Plaintiff contends that the court could not determine that the service of the amended notice was insufficient because that issue was raised by Cascade in a motion for summary judgment which was denied, and that this issue was therefore res judicata. For this contention plaintiff cites only *State ex rel. L. J. Mueller Furnace Co. v. Buckner*, 207 Mo.App. 48, 229 S.W. 392 (1921). That case involved a motion to set aside a dismissal for failure to prosecute. It did not involve a motion for summary judgment. Neither the language of the case nor the factual situation is of any help to plaintiff.

■ Denial of summary judgment does not prevent the court from thereafter ruling differently. The denial of a summary judgment is an interlocutory order without res judicata effect. *State ex rel. Speer v. Grimm*, 599 S.W.2d 67 (Mo.App.1980). Other jurisdictions hold the same. *Kirby v. P. R. Mallory & Co., Inc.*, 489 F.2d 904, 913 (7 Cir. 1973), cert. den. 417 U.S. 911, 94 S.Ct. 2610, 41 L.Ed.2d 215 (1974); *State ex rel. Davis v. District Court of Third Judicial District in and for the County of Powell*, 172 Mont. 139, 561 P.2d 912, 913 (1977); *Knight v. Heritage Mutual Insurance Company*, 71 Wis.2d 821, 239 N.W.2d 348, 352 (1976).

■ In addition, in response to Cascade's motion, plaintiff filed an affidavit stating that plaintiff's amended notice was recorded in the Camden County recorder of deeds office on April 6, 1977, and plaintiff's "memorandum" in opposition to the motion argued that "there are several genuine issues as to material facts which remain to be resolved in the case. The amended notice was properly filed with the recorder of deeds and any questions concerning the non-residence of the defendants should properly be resolved at the trial." The trial court did not state a reason for denying the motion but likely did so because there might be material questions of fact, such as actual notice or nonresidence in Camden County, which could dispense with the manner of service provided in § 429.100. Of course, summary judgment should not be rendered whenever there is doubt as to a material issue of fact. *Regional Investment Company v. Willis*, 572 S.W.2d 191, 192 (Mo.App.1978). The denial of the motion for summary judgment is of no aid to plaintiff in establishing that service of the amended notice was proper.

We believe that the trial court properly determined that plaintiff, as a matter of law, failed to properly serve its amended notice which precludes plaintiff from establishing a lien pursuant to that notice.

■ Plaintiff also claims that the amount in the notice was immaterial and it should receive a lien for $2,325.45 based on its original notice because Cascade was not prejudiced thereby as the contractor was paid in full before service of the first notice. Lack of prejudice to the owner does not relieve plaintiff from being in substantial compliance with the mechanic's lien statutes. Proper notice is a condition precedent to plaintiff's establishment of a lien. *Hertel Electric Company v. Gabriel*, supra, 292 S.W.2d at 102.

■ Plaintiff contends that it was at least entitled to a mechanic's lien for $828.51 in accordance with its original notice. Its service was not disputed. That notice claimed $828.51 for the material. There was evidence that after Cascade's president became aware of the original notice, he made efforts which may have contributed to the contractor paying that amount. There were three invoices for materials sold, all dated the same day, numbered 22995, 22996 and 22997, for $995.81, $1329.64 and $828.51, respectively. Plaintiff contends that it can apply the payment to the other invoices and should receive a lien for the amount of the $828.51 invoice. However, plaintiff's evidence shows that it applied the payment to that invoice. Its vice president and accountant testified that one of the invoices was paid. That could only be the invoice for $828.51, the one that plaintiff was basing its lien claim on in the

original notice. As the claim stated in the original notice was paid, the trial court correctly did not grant a lien for that amount.

The judgment is affirmed.

All concur.