SCHOTT ELECTRICAL
DISTRIBUTORS, INC.,
Appellant,

v.

MAC ELECTRIC, INC., Druco, Inc.,
Columbia Const. Corp. and Mer-
cantile Bank, Respondents,

and

St. Louis Metro Electric Supply,
Inc., Intervenor.

No. ED 74825.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 2, 1999.

Stephen R. Southard, Spradling & Spra-
dling, Cape Girardeau, MO, for appellant.

Walter S. Drusch, Lowes & Drusch,
Cape Girardeau, MO, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Schott Electrical Distribu-
tors, Inc., ("plaintiff"), appeals the judg-
ment of the Circuit Court of Cape Girar-
deau County granting respondents', Mac
Electric, Inc., Druco, Inc., Columbia Con-
struction Corporation and Mercantile
Bank ("defendants"), motion to dismiss
plaintiff's petition to enforce mechanics
lien, RSMo section 429.080.[1] We affirm.

---

1. All statutory references are to RSMo 1986.

Plaintiff is a supplier of electrical merchandise and equipment. Defendant Druco, Inc. is the owner of real estate located in Cape Girardeau upon which a movie theater was constructed. Defendant Columbia Construction Corporation was the general contractor who built the theater. Defendant Mac Electric, Inc., was one of the sub-contractors who contracted with defendant Columbia Construction Company to provide electrical supplies, equipment and work for the theater. Plaintiff sold certain electrical merchandise, supplies and equipment to defendant Mac Electric, Inc., which was used in the theater. Plaintiff claims defendant Mac Electric, Inc., after offsets and payments, still owes plaintiff $60,696.48.

On or about December 1, 1997, defendant Druco, Inc. was personally served with a notice of claim and intent to file lien statement. Plaintiff claims various invoices showing the work that had been performed and the materials that had been used in the project were attached to the notice to Druco, Inc. On December 18, 1997, plaintiff filed a statement of mechanic's lien with the clerk of the Circuit Court of Cape Girardeau County and Recorder of Deeds of Cape Girardeau County. The statement of mechanic's lien did not have attached to it the invoices which were attached to the notice of claim and intent to file lien statement.

On February 26, 1998, plaintiff filed a petition to enforce mechanic's lien. On March 27, 1998, defendants Druco, Inc., Columbia Const. Corp., and Mercantile Bank filed a motion to dismiss. On March 31, 1998, defendant Mac Electric, Inc., filed a motion to dismiss. All said motions stated plaintiff's petition had failed to state a claim upon which relief could be granted. On April 2, 1998, a motion for leave to intervene and petition to enforce mechanic's lien was filed by St. Louis Metro Electric Supply ("intervenor"), who alleged it had also provided materials to Mac Electric, Inc., which were used in the movie theater.

On July 8, 1998, argument was held on defendants' motion to dismiss. On July 17, 1998, the trial court entered judgment granting defendants' motion to dismiss. On July 31, 1998, intervenor filed a motion to clarify the court's initial judgment. On August 3, 1998, the court granted leave to intervene, amending the judgment of July 17. On October 6, 1998, by plaintiff's motion, the court amended the judgment stating the judgment was final for purposes of appeal and that there was no just reason for delay. Plaintiff filed a timely notice of appeal.

■ Plaintiff raises three points on appeal. Plaintiff's second point alleges the trial court erred in granting defendants' motion to dismiss in that plaintiff's notice of claim and intent to file mechanic's lien statement combined with the mechanic's lien statement are sufficient to enable defendant to investigate the claim and constitute substantial compliance under Missouri's mechanic's lien law such that plaintiff's petition did not fail to state a claim upon which relief may be granted. We disagree.

■ The standard of review in court-tried mechanic's lien cases is that the trial court's judgment will be affirmed "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law." *Commercial Openings, Inc. v. Mathews,* 819 S.W.2d 347, 349 (Mo. banc 1991) (citing *S & R Builders & Suppliers, Inc. v. Marler,* 610 S.W.2d 690, 692 (Mo.App. E.D.1980)).

RSMo section 429.080 provides in pertinent part:

It shall be the duty of every original contractor, every journeyman and day laborer, and every other person seeking to obtain the benefit of the provisions of section 429.010 to 429.340, within six months after the indebtedness shall have accrued to file with the clerk of the circuit court of the proper county *a just and true account of the demand due* him

or them after all just credits have been given, which is to be a lien upon such building or other improvements, and a true description of the property, or so near as to identify the same, upon which the lien is intended to apply, . . . .

(Emphasis added).

■ "The terms of the statute require the filing of a 'just and true account.'" *Commercial Openings, Inc.*, 819 S.W.2d at 349. "The requirement is made to ensure that the landowner and others interested may discern from the lien statement information sufficient to permit an investigation to determine whether the materials the claimant asserts he has furnished were actually used in the construction of the building, whether they were lienable items, and whether the amount charged is proper." *Id.*

RSMo section 429.100 states:

Every person except the original contractor, who may wish to avail himself of the benefit of the provisions of sections 420.010 to 429.340, shall give ten days' notice before the filing of the lien, as herein required, to the owner . . . that he holds a claim against such building or improvement, setting forth the amount and from whom the same is due . . . .

■ The purpose of RSMo section 429.100 "is to afford a property owner notice of outstanding claims of sub-contractors so that he may withhold payment from his direct contractor and thus avoid double payment." *BCI Corp. v. Charlebois Const. Co.*, 673 S.W.2d 774, 781 (Mo. banc 1984).

On December 1, 1997, plaintiff had defendant, Druco, Inc., personally served with the notice of claim and intent to file lien statement pursuant to RSMo section 429.100. Plaintiff claims various invoices showing the work performed and material utilized in the project were attached. On December 18, 1997, plaintiff filed the statement of mechanic's lien pursuant to RSMo section 429.080 but did not attach the above invoices. Plaintiff argues that the purpose behind both sections is to place the owner on notice of the potential claim and because the invoices were attached to the notice of claim and intent to file lien statement said purpose was fulfilled. However, this argument overlooks the fact that the just and true accounting requirement of section 429.080 is to provide notice to owners and other interested parties. The filing of the invoices with the notice of claim was filed with the owner alone and therefore failed to apprise other interested parties of the requisite information. Plaintiff's point is therefore denied.

With respect to the other two points on appeal, we have reviewed the briefs of the parties, the legal file, and the transcript and find the judgment is supported by substantial evidence, is not against the weight of the evidence and does not erroneously declare or apply the law. Therefore, we affirm the judgment pursuant to Rule 84.16(b).

HOFF, P.J., and RHODES RUSSELL, J., concur.