Denny FULKERSON, a/k/a Fulkerson Excavating, Appellant,

v.

W.A.M. INVESTMENTS, Mike Walters, Cindy Walters, Gib Adkins, Jr., Angie Adkins, James Montgomery, Rebecca Montgomery, Charles E. McElyea, James A. Franklin, Sr., Mildred Franklin, Blandwal, Inc., Wood & Houston Bank, and Don L. Brown, Respondents.

No. 24565.

Missouri Court of Appeals, Southern District, Division One.

Sept. 17, 2002.

Christopher J. Stark, Springfield, for Appellant.

J. Michael Bridges, Blackwell, Sanders, Peper, Martin, L.L.P., Springfield, for Respondent.

ROBERT S. BARNEY, Judge.

This is an appeal by Appellant, Denny Fulkerson, d/b/a Fulkerson Excavating, ("Appellant") from an Order and Partial Judgment of the Circuit Court of Greene County adverse to Appellant's claimed imposition of a mechanic's lien against real estate owned by Respondents.[1] He raises

---

1. As best we glean from the record, Respondents are six general partners of W.A.M. Investments, a Missouri general partnership. General partner Mike Walters and his wife Cindy are residents of Laclede County and the remaining general partners and spouses are residents of Camden County.

two points of trial court error, discussed below. We affirm.

Appellant filed a two count second amended petition seeking in count I, *inter alia,* the imposition of a mechanic's lien on real property belonging to Respondents located in Greene County, Missouri, arising from labor and materials supplied by Appellant. In count II, Appellant sought a money judgment against Respondents. *See* §§ 429.100 and 429.110.[2]

Respondents seasonably filed their motion to dismiss Appellant's Second Amended Petition. They argued to the trial court that Appellant unjustifiably obtained constructive service on them by his recording a notice of intent to file a mechanic's lien with the Recorder of Deeds in Greene County, instead of personally serving them the notice. Respondents argued below, and in this appeal, that Appellant's failure to obtain personal service on them, when no statutorily authorized alternate method of service was shown, failed to comply with section 429.110.

The trial court treated Respondents' motion to dismiss as a motion for summary judgment, Rule 74.04, and dismissed Count I. It found and concluded that constructive service of the notice of claim for a mechanic's lien by filing it with the recorder of deeds did not constitute proper service. It also found that Respondents were Missouri residents, living in the "same or neighboring county" as Appellant and that there was no evidence suggesting Respondents were trying to hide from Appellant. Furthermore, the trial court noted that Appellant's notice of intent to file mechanic's lien actually listed the physical addresses of Respondents in Camden and Laclede Counties.[3]

In his first point on appeal, Appellant contends that the trial court erred in sustaining Respondents' motion to dismiss. Appellant asserts that the Office of the Sheriff of Greene County was unable to personally serve Appellant's notice on Respondents within Greene County, and made a non-est return. Accordingly, he argues that he satisfied the statutory requirements for the constructive service on Respondents by recording his notice of intent to file a mechanic's lien with the Recorder of Deeds of Greene County.

The applicable statutes governing notification of owners of a subcontractor's claim for a mechanic's lien read a follows:

Section 429.100 states:

> Every person except the original contractor, who may wish to avail himself of the benefit of the provisions of sections 429.010 to 429.340, shall give ten days' notice before the filing of the lien, as herein required, to the owner, owners or agent, or either of them, that he holds a claim against such building or improvement, setting forth the amount and from whom the same is due. Such notice may be served by any officer authorized by law to serve process in civil actions, or by any person who would be a competent witness. When served by an officer, his official return endorsed thereon shall be proof thereof, and when served by any other person, the fact of such service shall be verified by affidavit of the person so serving.

Section 429.110 reads in pertinent part, as follows:

---

2. Statutory references are to RSMo 1986, unless otherwise set out. Rule references are to Missouri Court Rules (2001), unless otherwise set out.

3. The trial court also set out that its judgment dismissing Count I was a final judgment for purposes of appeal because the matter "involves more than one claim for relief and multiple parties and there is no just reason for delay." Rule 74.01(b).

Whenever property is sought to be charged with a lien under sections 429.010 to 429.340, and the owner of the property so sought to be charged shall not be a resident of this state, or shall have no agent in the county in which said property is situate, or when such owner shall be a resident of the state, but conceals himself, or has absconded, or absents himself from his usual place of abode, so that the notice required by section 429.100 cannot be served upon him, then, and in every such case, such notice may be filed with the recorder of deeds of the county in which such property is situate, and when filed shall have like effect as if served upon such owner or his agent in the manner contemplated by section 429.100; and a copy of such notice so filed, together with the certificate of such recorder of deeds that the same is a correct copy of the notice so filed, shall be received in all courts of this state as evidence of the service, as herein provided, of such notice . . . .

■ We initially observe that the "mechanic's lien law is remedial in nature and its purpose is to give security to mechanics and materialmen for labor and materials furnished in improving the owner's property and it should be construed as favorable to those persons as its terms will permit." *Sentinel Woodtreating, Inc. v. Cascade Dev. Corp.,* 599 S.W.2d 268, 270 (Mo.App.1980). "However, this policy of liberal construction does not relieve a lien claimant from the necessity of substantially complying with the requirements of the mechanic's lien statutes." *Id.* "A lien claimant has the burden of showing the statutory prerequisites to the validity of the constructive service of notice under § 429.110." *Id.*

■ Here, Appellant failed to substantially comply with the provisions of section 429.110 regarding giving the statutory no-

tice of his claim. *Id.* at 270–71. Appellant admits not having obtained personal service of his notice on Respondents. More importantly the record shows that in his notice he specifically set out the physical addresses of all Respondents. All resided either in Camden County or Laclede County, counties geographically near Greene County. Despite this knowledge, Appellant gave the Sheriff of Greene County the notice to be served on Respondents in Greene County. All were returned non-est. It is apparent that Appellant's actions were not calculated to give the required statutory notice to Respondents of the filing of his mechanic's lien, but were merely pre-textual actions calculated to justify the filing of the notice to Respondents with the recorder of deeds. On its face, Appellant's actions were not reasonably calculated to give Respondents actual notice of Appellant's claim in substantial compliance with the statutory requirements. *Id.* at 270–71.

Furthermore, Appellant had the burden of proof of showing one of the prerequisites to constructive service as required by statute, i.e., that "the owner of the property is not a resident of the state or has no agent in the county where the property is located, or the owner conceals or has absconded or absents himself from his usual place of abode so that the notice required by § 429.100 cannot be served." *Sentinel,* 599 S.W.2d at 270; § 429.110. Despite this burden, Appellant presented no probative evidence that any of these prerequisites to constructive service were met.

■ "The standard rule of construction calls for a statute to be given a reasonable interpretation in light of the legislative objective." *BCI Corp. v. Charlebois Const. Co.,* 673 S.W.2d 774, 780 (Mo. banc 1984). It is clear that in enacting section 429.110 the legislature sought to provide owners with notice of a subcontractor's

claim for labor, services or materials in order to protect owners from double payments. *Id.* at 781; *Schott Elec. Distribs., Inc. v. Mac Elec., Inc.*, 998 S.W.2d 566, 568 (Mo.App.1999).

■ In carrying out the will of the framers of the statute, "the strict letter of the act must yield to the manifest intent of the Legislature." *BCI Corp.*, 673 S.W.2d at 780. Here, "failure to have personal service, when no proper alternate method of service was shown, was not substantial compliance with the mechanic's lien statutes." *Sentinel*, 599 S.W.2d at 271. Point denied.

■ In his second point, Appellant contends the trial court erred in sustaining Respondents' motion to dismiss his second amended petition because the trial court treated Respondents' motion to dismiss as a motion for summary judgment. He contends that the trial court failed to notify the parties that it was treating the Respondents' motion to dismiss as a motion for summary judgment, as required by Rule 74.04. We disagree.

Rule 55.27(a) and (b) provide that if, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted or on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04, and that all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 74.04.

*Osage Water Co. v. City of Osage Beach*, 58 S.W.3d 35, 41 (Mo.App.2001). "Notice by the trial court is not required where a party or parties acquiesced in the trial court treating a motion to dismiss as a motion for summary judgment." *Sale v. Slitz*, 998 S.W.2d 159, 162 (Mo.App.1999); *Keim v. Big Bass, Inc.*, 949 S.W.2d 122, 124–25 (Mo.App.1997).

■ Here, we are not directed to any portion of the record on appeal indicating that the trial court gave the parties notice of its treating Respondents' motion to dismiss as a motion for summary judgment. However, as in *Osage*, we determine that Appellant waived the necessity of such notice.

The record shows that Appellant filed with the trial court suggestions in opposition to Respondents' motions to dismiss, that included an attachment labeled "Exhibit A," which was a copy of the notice of intent to file mechanic's lien that Appellant had asked the Greene County Sheriff to serve, and which included the Sheriff's non-est return of service.[4] Appellant argued in his suggestions that he had "made every attempt to serve" Respondents "but unfortunately there was no such service obtained, and the sheriff had made a diligent search for them and was unable to locate them. See Exhibit A attached hereto."

We glean from our review of the record, including the trial court's order and partial judgment signed by the trial court on September 7, 2001, that the trial court duly considered Appellant's suggestions and attendant argument regarding the efficacy of his filing constructive service of his notice to Respondents by recording such notice in the office of the recorder of deeds. We also note that shortly after rendition of its order and partial judgment, Respondent filed his motion to reconsider and alternative motion to set aside order of dismissal, wherein he again reiterated that the "attempted service of notice of intent by the

---

4. In his second amended petition, Appellant had neither included the Sheriff's non-est return of service nor argued that constructive service was otherwise required in order to impart notice to Respondents of its mechanic's lien claim.

sheriff which was returned non-est, and the recording and subsequent recording of a notice is all that is necessary in this case."

Accordingly, Appellant introduced evidence beyond his pleadings. Where a party introduces evidence beyond that contained in the petition, a motion to dismiss for failure to state a claim is converted to a motion for summary judgment. *Osage,* 58 S.W.3d at 41; *Sale,* 998 S.W.2d at 162. Appellant was charged with knowledge that the motion was so converted. *Osage,* 58 S.W.3d at 41. Additionally, it is our observation that "[a] party cannot complain on appeal about an alleged error created by his or her own conduct or in which such party joined or acquiesced at trial." *Thomas v. Lloyd,* 17 S.W.3d 177, 189 (Mo.App.2000). Point denied.

Respondent Wood & Huston Bank's motion to dismiss the appeal is denied. The trial court's judgment dismissing Count I of Appellant's second amended petition pursuant to Rule 74.04(b) is affirmed.

MONTGOMERY, P.J., and GARRISON, J., concur.