**UNION ELECTRIC COMPANY,**
a corporation, Appellant,

**H. W. Freeman Construction Company et al., Intervenors-Appellants,**

v.

**William R. CLARK et al., Respondents, The City of St. Louis, St. Louis County, Laclede Gas Company, et al., Intervenors-Respondents.**

No. 58064.

Supreme Court of Missouri, Division No. 2.

July 22, 1974.

———◆———

William H. Ferrell, Keefe, Schlafly, Griesedieck & Ferrell, William E. Jaudes, St. Louis, for plaintiff-appellant Union Electric Co.

Jeremiah D. Finnegan, Gen. Counsel, Michael F. Pfaff, Asst. Gen. Counsel, Jefferson City, for defendant-respondent Missouri Public Service Commission.

Richard L. Eckhart, M. E. Stokes, St. Louis, Cullen Coil, Jefferson City, for intervenor-defendant-respondent, Laclede Gas Co.; Carson, Inglish, Monaco & Coil, Jefferson City, of counsel.

STOCKARD, Commissioner.

This is a suit for a declaratory judgment by which plaintiff-appellant Union Electric Company (hereafter referred to as Union Electric) and several plaintiff-intervenors sought to have General Order 51 adopted by the Missouri Public Service Commission (hereafter referred to as the Commission) declared to be void and of no effect. The trial court dismissed the petition, and this appeal followed. We have appellate jurisdiction because St. Louis County is a party defendant-respondent as an intervenor, and the notice of appeal was filed prior to January 1, 1972.

In view of the result we reach it is unnecessary to set out in detail the substance of General Order 51, or to determine the effect of a motion filed by Union Electric with the Commission, and the effect of a separate suit filed by Union Electric in the Circuit Court of Cole County. It is sufficient to state that General Order 51 prohibits all gas and electric utilities under the jurisdiction of the Commission from soliciting business by making certain cash payments and furnishing other considerations to builders and developers, except as provided in the General Order.

On August 2, 1971, Union Electric filed its petition in this case in the circuit court of the City of St. Louis in which it sought an order staying the effective date of General Order 51 pending a determination by that court of the validity of the order, and in which it also requested a determination that the General Order was void. As previously noted the petition was dismissed. The determinative issue on this appeal is whether Union Electric may challenge the validity of General Order 51 in a proceeding filed in the Circuit Court of the City of St. Louis for a declaratory judgment pursuant to Rule 100, V.A.M.R. (§ 536.-100, RSMo 1969, V.A.M.S.), or whether the exclusive procedure is that set forth in § 386.510, RSMo 1969, V.A.M.S.

In its parts material to this case § 386.-510 provides:

"Within thirty days after the application for a rehearing is denied, or, if the application is granted, then within thirty days after the rendition of the decision on rehearing, the applicant may apply to the circuit court of the county where the hearing was held or in which the commission has its principal office for a writ of certiorari or review (herein referred to as a writ of review) for the purpose of having the reasonableness or *lawfulness* of the original order or decision or the order or decision on rehearing inquired into or determined. * * * No new or additional evidence may be introduced upon the hearing in the circuit court but the cause shall be heard by the court without the intervention of a jury on the evidence and exhibits introduced before the commission and certified to by it.

\* \* \* Upon the hearing the circuit court shall enter judgment either affirming or setting aside the order of the commission under review. \* \* \* The court may, in its discretion, remand any cause which is reversed by it to the commission for further action. No court in this state, except the circuit courts to the extent herein specified and the supreme court or the court of appeals on appeal, shall have jurisdiction to review, reverse, correct or annul any order or decision of the commission or to suspend or delay the executing or operation thereof, or to enjoin, restrain or interfere with the commission in the performance of its official duties." (Italics added).

■■ In its petition in this case Union Electric alleges that General Order 51 is void because (1) it was adopted without a prior hearing with notice to interested parties; (2) it impaired plaintiff's obligations previously entered into under contracts; and (3) it frustrates plaintiff's right to enter into additional similar contracts. General Order 51, whether it be called a rule or an order, is clearly within the term "original order or decision" as used in § 386.510. Plaintiff's challenge to the General Order is that it is *unlawful* for the reasons stated. Therefore, the challenge that Union Electric makes in its petition for a declaratory judgment is within the scope of review provided for by § 386.510.

In its reply brief Union Electric asserts that no evidence was heard by the Commission before promulgating General Order 51, and that § 386.510 cannot be applicable because it provides that "the cause shall be heard by the court without the intervention of a jury on the evidence and exhibits introduced before the commission and certified to by it." However, if the General Order is unlawful for that reason, the court is empowered by § 386.510 to set aside the order of the Commission, or in its discretion, remand the cause for "further action" which could include the taking of evidence. The promulgation of the

General Order without evidence may result in the order being unlawful, an issue we specifically do not decide, but it does not make inappropriate the review authorized and contemplated by § 386.510.

■ We conclude that § 386.510 authorizes and permits the review of the alleged lawfulness of General Order 51. The remaining issue is whether the review procedure provided for in § 386.510 is exclusive to any other procedure, and particularly to the procedure provided for in Rule 100.

For purposes of this opinion we will agree that the Commission meets the definition of an "Agency;" that General Order 51 constitutes an "Agency Rule;" and that the issues asserted present a "Contested case" as these terms are used in Rule 100. However, Rule 100.03 provides that an aggrieved person who has exhausted all administrative remedies "shall be entitled to judicial review thereof, as provided in Rules 100.04 to 100.08, *unless some other provision for judicial review is provided by statute,* provided, however, that nothing in this chapter contained shall prevent any person from attacking any void order of an agency at any time or in any manner that would be proper in the absence of this section." The proviso has no bearing here, because in the absence of this section, there would be no authority for an aggrieved person to have a "judicial review \* \* \* as provided in Rules 100.04 to 100.08," and then the only review would be that provided for in § 386.510.

The determination of whether this action under Rule 100 is permissible, calls for a reconciliation of the provisions of § 386.510 and Rule 100, and in doing so we must keep in mind the provisions of § 386.510, previously set out, to the effect that no court, except those therein specified, shall have jurisdiction to review, reverse, correct or annul any order or decision of the Commission. We do not find a specific ruling in this state as to the relation of § 386.510 and Rule 100, but we do find cases pertaining to comparable situations.

In State ex rel. State Tax Commission v. Luten, 459 S.W.2d 375 (Mo. banc 1970), the issue was whether the procedure for review of a decision of the State Tax Commission contained in § 138.470 was all inclusive, or whether review could be had pursuant to Rule 100.04. It was there held: "It is established by precedents that when a legislative body creates a board, commission or other administrative agency, and gives it a legal entity, that it may also designate which courts may initially review decisions of such agencies. Due process only demands such judicial review be available and not that it be in all courts of comparable general jurisdiction." It was then pointed out that § 138.470 provides that "The action of the [tax] commission, or member or agent thereof, when done as provided in this section, shall be final, subject, however, to review in the manner provided in sections 536.100 to 536.140, RSMo, except that the venue of the proceedings for review involving the assessment of real property is in the county where the real property is situated." As then noted, Rule 100 superceded the Administrative Procedure and Review Act, and the words "unless some other provision for judicial review is provided by statute" were retained. It was then held that Rule 100.04 (and Rules 100.03–100.08) must be read in harmony with Rule 100.03, which provides that Rules 100.04–100.08 are not applicable if some other statutory provision for review exists. In discussing the question of whether the words, "unless some other provision for judicial review is provided by statute" means that there must be an "entire procedure" provided elsewhere, the court held it did not, but it listed, among others, "Section 386.510 pertaining to the Public Service Commission" as a review procedure that was "entire" within itself. This may have been dicta in the Luten case, but it is dicta with which we agree, and we also agree with the subsequent statement that "Such provision [for review] may be all inclusive, as per example Section 386.510 in connection with the Public Service Commission, and the procedure therein provided should be followed."

In Brogoto v. Wiggins, 458 S.W.2d 317 (Mo.1970), the Supervisor of Liquor Control revoked a liquor license, and the licensee filed a petition for review under the Administrative Review Act, or what is now Rule 100. The trial court held that the Supervisor's order of revocation was not supported by the evidence. This court held: "The first question goes to the jurisdiction of the circuit court to hear and entertain a review of the order of the Supervisor of Liquor Control under the Administrative Procedure Act. The Attorney General * * * contends that in the passage of § 311.700 * * * the General Assembly has provided a special separate statutory procedure for the review of all final decisions, findings, rules and orders of this particular agency; that a special procedure thus provided is *mandatory* and *jurisdictional*; that strict compliance with the prescribed procedure is required and that failure to so comply results in a failure to vest the circuit and appellate courts with jurisdiction of the subject matter. *This contention must be sustained.*" (Italics added).

We conclude that the Legislature has provided a special separate statutory procedure for the review of an "original order or decision" of the Commission; that General Rule 51 is within that category; and that the procedure provided for in § 386.510 is exclusive and jurisdictional. Therefore, the judgment of the circuit court dismissing the petition for review filed in the St. Louis Circuit Court pursuant to Rule 100 was correct.

The judgment is affirmed.

HOUSER, C., not participating.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

All of the Judges concur.