**JEFFERSON LINES, INC., a Minnesota Corporation, Kansas City, Missouri, Greyhound Lines, Inc., Phoenix, Arizona, Continental Trailways, Inc., Dallas, Texas, American Buslines, Inc., Dallas, Texas, Midwest Buslines, Inc., North Little Rock, Ark., Missouri Transit Lines, Inc., Moberly, Missouri, Appellants,**

v.

**MISSOURI PUBLIC SERVICE COMMISSION, Jefferson City, Missouri, and James P. Mulvaney, Mrs. Leah McCartney, Hugh A. Sprague, and Stephen B. Jones, Commissioners of the Missouri Public Service Commission, Respondents.**

No. 30152.

Missouri Court of Appeals,
Western District.

April 30, 1979.

Elvin S. Douglas, Jr., Crouch, Crouch, Spangler & Douglas, Harrisonville, for appellants.

Paul W. Phillips, Arthur L. Conover, Mo. Public Service Commission, Jefferson City, for respondents.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Jefferson Lines, Inc. and five other bus lines filed a declaratory judgment suit in the Circuit Court of Jackson County, alleging a rule adopted by the Public Service Commission and published in 4 C.S.R. 240–110.060(1) and (1)(A) to be invalid and unenforceable as exceeding the statutory authority of the Commission. The court sustained a motion to dismiss because the proper venue for the action was Cole County under § 386.510, RSMo 1975 Supp.

On this appeal Jefferson and the other lines contend the action was properly brought in Jackson County under § 536.050, RSMo 1969. Affirmed.

The petition was filed in October, 1977, prior to the amendment of § 536.050, which at that time provided as follows:

The power of the courts of this state to render declaratory judgments shall extend to declaratory judgments respecting the validity of rules, or of threatened applications thereof, and such suits may be maintained against agencies whether or not the plaintiff has first requested the agency to pass upon the question presented. The venue of such suits against agencies shall, at the option of the plaintiff, be in the circuit court of Cole county, or in the county of the plaintiff's residence, or if the plaintiff is a corporation, domestic or foreign, having a registered office or business office in this state, in the county of such registered office or business office. Nothing herein contained shall be construed as a limitation on the declaratory or other relief which the courts might grant in the absence of this section.

The petition for declaratory judgment alleged the Commission had adopted an order relating to the classification of common carriers by services performed in relation to school bus type equipment. It also alleged the Commission did not have the authority to adopt such a rule because the Commission was only authorized to create classifications with regard to types of carriers and not on the type of equipment to be utilized in performing a charter service. Apparently, the effect of the rule is to deny the bus lines the authority to use their regular equipment in the transportation of certain passengers and to require that only equipment designated as school bus equipment could be utilized.

The order dismissing the petition held that the exclusive procedure for reviewing

the lawfulness of the order was provided in § 386.510, which specifies the venue as the county where the hearing was held or in which the Commission has its principal office. The court held the review sought by the declaratory judgment suit was not pursuant to such section and therefore, venue was not properly in Jackson County but in Cole County.

The material parts of § 386.510 to this case are:

Within thirty days after the application for a rehearing is denied, or, if the application is granted, then within thirty days after the rendition of the decision on rehearing, the applicant may apply to the circuit court of the county where the hearing was held or in which the commission has its principal office for a writ of certiorari or review (herein referred to as a writ of review) for the purpose of having the reasonableness or lawfulness of the original order or decision or the order or decision on rehearing inquired into or determined. * * * No new or additional evidence may be introduced upon the hearing in the circuit court but the cause shall be heard by the court without the intervention of a jury on the evidence and exhibits introduced before the commission and certified to by it. * * * Upon the hearing the circuit court shall enter judgment either affirming or setting aside the order of the commission under review. * * * The court may, in its discretion, remand any cause which is reversed by it to the commission for further action. No court in this state, except the circuit courts to the extent herein specified and the supreme court or the court of appeals on appeal, shall have jurisdiction to review, reverse, correct or annul any order or decision of the commission or to suspend or delay the executing or operation thereof, or to enjoin, restrain or interfere with the commission in the performance of its official duties.

Much the same issue in this case arose in *Union Electric Company v. Clark,* 511 S.W.2d 822 (Mo.1974). In *Clark,* Union Electric had filed a suit for declaratory judgment in St. Louis County, seeking to test the lawfulness of a general order adopted by the Commission relating to utilities paying promotional fees. The court first held that the order, challenged as being unlawful, was within the term "original order or decision" as used in § 386.510. It then held the challenge to the order contained in the petition for declaratory judgment was within the scope of review provided by § 386.510. The court noted the fact that the order was adopted by the Commission without a hearing did not make § 386.510 inapplicable because the circuit court could remand the cause to the Commission if deemed necessary for that reason.

*Union Electric* sought to justify its right to attack the order by declaratory judgment in St. Louis County under the provisions of Rule 100 which provides generally for administrative review. The court held the action could not be maintained under Rule 100 and concluded by stating:

We conclude that the Legislature has provided a special separate statutory procedure for the review of an "original order or decision" of the Commission; that General Rule 51 is within that category; and that the procedure provided for in § 386.510 is exclusive and jurisdictional. Therefore, the judgment of the circuit court dismissing the petition for review filed in the St. Louis Circuit Court pursuant to Rule 100 was correct.

Jefferson and the other lines seek to distinguish *Clark* on the grounds the court considered only whether the action was properly brought under Rule 100, but not whether such action would be proper under § 536.050. The argument continues that had the Legislature intended § 386.510 to be the exclusive procedure for review of Commission orders such as here and in *Clark* it could have readily repealed § 536.-050 as it did certain other sections in Chapter 536 in 1975. The argument if further made that § 386.510 is not applicable because § 386.490, RSMo 1969, requires all orders to be served by personal delivery or by mailing to any person affected, a hearing is required preliminary to the issuance

of an order, and there is no evidence or exhibits before the Commission relating to the adoption of the order here in question as is contemplated by orders made appealable under § 386.510. Most of these arguments were considered in *Clark* and rejected. Those not rejected in *Clark* were covered in *American Hog Company v. County of Clinton*, 495 S.W.2d 123 (Mo.App.1973) when this court held an action under § 536.050 was not available when a special statutory review procedure was not followed. This court quoted the general rule as follows:

> "As a general rule where a statute provides a special form of remedy for a specific type of case, the statutory remedy must be followed, and under such circumstances a declaratory judgment will not be granted." 495 S.W.2d 126[5, 6]

Since a declaratory judgment action under § 536.050 is not allowed when a special statutory form of review is provided, and since the order here in question is reviewable under the special statutory scheme contained in § 386.510, it necessarily follows that declaratory judgment is not an available action in this case to contest the lawfulness of an order adopted by the Commission.

It may be noted that in 4 C.S.R. 240–2.-180[1] the Commission in 1976 provided by rule a method for the attack on any of its own rules which would cover the deficiencies pointed out by Jefferson in this case. The Commission has provided that any person may file a petition with the Commission seeking the promulgation, amendment or repeal of rules adopted by the Commission. Under this rule, Jefferson and the other lines can file a petition with the Commission seeking the repeal of the rule under attack here. A record could be made and if the Commission ruled adversely to the petition, an appeal would lie under § 386.510.

For the reasons stated, a declaratory judgment action was not available in this case and thus the court properly dismissed the petition.

The judgment is affirmed.

All concur.

---

1. Under § 536.031(5), RSMo 1976 Supp., this court takes judicial notice of the rules printed in the code of state regulations.