STATE ex rel. SOUTHWESTERN BELL TELEPHONE COMPANY, a corporation, Relator-Respondent,

v.

PUBLIC SERVICE COMMISSION of the State of Missouri, Respondent-Appellant,

and

William M. Barvick, Public Counsel of the State of Missouri, Intervenor-Respondent-Appellant.

SOUTHWESTERN BELL TELEPHONE COMPANY, a corporation, Plaintiff-Respondent,

v.

James P. MULVANEY, Chairman, Hugh A. Sprague, Stephen B. Jones and Leah B. McCartney, Members of the Missouri Public Service Commission, Defendants-Appellants,

and

William M. Barvick, Public Counsel of the State of Missouri, Intervenor-Appellant.

No. KCD 30609.

Missouri Court of Appeals, Western District.

Oct. 29, 1979.

Motion for Rehearing and/or Transfer Denied Dec. 31, 1979.

Application to Transfer Denied Feb. 11, 1980.

Paul W. Phillips, Gary W. Duffy, Jefferson City, for respondent-appellant Public Service Commission.

William M. Barvick, Public Counsel, James M. Fischer, Asst. Public Counsel, Jefferson City, for Intervenor-Respondent-Appellant.

Robert M. Lynch, John W. Kelly, Jr., Cynthia A. Barton, Glen A. Glass, St. Louis, for relator-respondent Southwestern Bell.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

DIXON, Presiding Judge.

The Public Service Commission and the Public Counsel as intervenor have appealed from separate judgments rendered by the Circuit Court of Cole County, in both of which the respondent Southwestern Bell Telephone Company was the moving party. The first judgment was in a declaratory judgment action brought by Southwestern Bell as plaintiff. The second judgment was in a proceeding for review of a Commission order in which Southwestern Bell was the petitioner. Both of the lower court proceedings were attempts by Southwestern Bell to invalidate the Public Service Commission rule 4 CSR 240–2.090(1) permitting the use of written interrogatories in proceedings before the Commission. The threshold issue is a procedural one relating to the propriety of the remedy sought by Southwestern Bell.

In the underlying Public Service Commission proceeding, which relates to the reclassification of telephone exchanges of Southwestern Bell in connection with a proposed tariff, the Public Counsel propounded to Southwestern Bell written interrogatories pursuant to the Commission rule 4 CSR 240–2.090(1). After protest by Southwestern Bell of this procedure before the Commission, the Commission entered an order requiring and compelling Southwestern Bell to comply with the request for interrogatories. That order was made effective on the day it was entered. Southwestern Bell promptly filed a motion for rehearing which was overruled by the Commission in an order effective on the day of its entry.

Southwestern Bell sought review of that order pursuant to § 386.510 RSMo[1] in the Circuit Court of Cole County.

Simultaneously, Southwestern Bell filed an action for injunction and for declaratory judgment asserting the invalidity of the Commission's rule respecting interrogatories. Southwestern Bell asserts its right to declaratory relief under § 536.050 RSMo.

The circuit court consolidated the writ of review proceedings and the declaratory judgment action for the purposes of the hearing. The circuit court entered a judgment declaring that the Public Service Commission had no authority and was without jurisdiction to compel answers to written interrogatories in commission proceedings. The circuit court also enjoined the commission from enforcement of its order compelling Southwestern Bell's response to interrogatories. The judgment in the writ of review proceedings was declared by the court to be "controlled" by the order in the declaratory judgment action. The Public Counsel as intervenor and the Public Service Commission filed separate appeals.

▪ The position of the appellants, Public Counsel and the Public Service Commission, is common with respect to the procedural issue. Both insist that under the decision of this court in *Jefferson Lines, Inc. v. Missouri Public Service Commission*, 581 S.W.2d 124 (Mo.App.1979) and that of the Supreme Court of Missouri in *Union Electric Company v. Clark*, 511 S.W.2d 822 (Mo. 1974), Southwestern Bell has sought relief by means of an improper remedy. Southwestern Bell concedes that *Jefferson* is controlling and makes an unabashed attack upon the correctness of that decision. The effect of Southwestern Bell's attack upon *Jefferson* is to question the validity of *Clark*. Southwestern Bell's attack centers upon § 536.050 RSMo of Chapter 536 RSMo, the Administrative Procedure Act. It contends that the legislature intended for § 536.050 RSMo to provide a method for direct attack in the courts by way of declaratory judgment when the issues involve a "rule" of an agency, including the Public

Service Commission, without first resorting to any form of administrative review and without regard to whether the agency in question has a separate method of judicial review.

In *Clark*, the Supreme Court was considering a declaratory judgment action filed in St. Louis by an electric utility asserting a claim that General Order 51 of the Public Service Commission, regulating on a statewide basis promotional payments by electric utilities, was invalid. The circuit court dismissed the petition. The utility appealed to the Supreme Court of Missouri contending that the circuit court should not have dismissed its petition. The Supreme Court reviewed the statute and the rules implementing judicial review of administrative action and held that the circuit court was without jurisdiction to determine the matter by way of declaratory relief. It found that the exclusive method of review of such an order of the Public Service Commission was by way of § 386.510 RSMo. In its analysis of the question, the Supreme Court referred to Rule 100.03, pointing out that, although the rule provided for review of rules of an agency, Rule 100.03 in specific terms excluded such review when there was another method of review provided by law. Finding that there was such a method of review by way of § 386.510 RSMo, the court held that the action of the circuit court was proper. Necessary to that decision was a determination by the Supreme Court that a statewide rule of the Public Service Commission, addressed to all affected utilities, was a final order or determination within the meaning of § 386.510 RSMo.

This court was then confronted in *Jefferson, supra*, with a rule of the Public Service Commission which made certain provisions for the use of equipment by bus line operators on a statewide basis. *Jefferson* arose from the Circuit Court of Jackson County by way of appeal from a declaratory judgment action with the Commission asserting that the venue of the cause was inappropriate and the circuit court was without juris-

---

1.   All references to RSMo will be to RSMo 1978 unless otherwise noted.

diction to enter declaratory relief in such a proceeding. This court, relying upon *Clark,* held that the proper method of review was by way of a proceeding under § 386.510 RSMo.

There seems to be no basis for a distinction between the *order* in *Clark,* the *rule* in *Jefferson,* and the rule respecting interrogatories in the instant case. Each of them purports to be of general application and, as noted in *Clark,* that constitutes an original order or decision. If anything, the rule respecting interrogatories is of broader general application than the order in *Clark* or the rule in *Jefferson.*

Amplifying upon the appropriate procedure, *Jefferson* pointed out that a procedure had been implemented by the Public Service Commission through the enactment of its 4 CSR 240–2.180. It permits a proceeding by any interested party to challenge a rule of general application whether or not the party had any pending or direct interest in a proceeding before the Public Service Commission. *Jefferson* went on to point out that a proceeding requesting a determination of the validity of a rule would then be a final order of the Commission subject to a motion for rehearing and ultimate review in the courts under § 386.510 RSMo.

As previously stated, Southwestern Bell's attack upon *Jefferson* and, inferentially, upon *Clark,* is based upon its contention that Missouri, by the enactment of § 536.-050, adopted the model Administrative Procedures Act prepared by the commissioners on uniform laws and that, by traditional analysis, the comments to the model act and its application in other states are of importance in the construction of the Missouri statute. Southwestern Bell has cited to this court in the instant case the comments of the drafters of the model act and several cases from other states construing the provisions of those states' laws in similar situations. Foreign cases have little persuasive effect because of the Supreme Court of Missouri's decision in *Clark,* and little purpose would be served by reviewing in detail the analysis and holding of those cases.

With respect to the argument concerning the comments to Section 7 of the Uniform Act, it should first be noted that the draftsmen considered that the application of the uniform code will require consideration of the problems of each state and that each state will need to adjust the language and intent of the Act in the light of its particular situation. Therefore, in connection with the history of judicial review of the Public Service Commission of Missouri, it seems apparent that both on reason and policy the decisions in *Clark* and *Jefferson* are correct. Missouri Public Service Commission has been in existence since 1913. Section 386.-510 RSMo, providing for review of decisions and orders of the Public Service Commission, has been in place and utilized for the purpose of judicial review throughout the history of the Missouri Public Service Commission. When the people of Missouri adopted Article V, § 22 of the Missouri Constitution, the method of review of Public Service Commission orders was well established and settled in our law. There can be no doubt that the Administrative Procedure Act, enacted shortly following the adoption of the Constitution of 1945, was intended to provide judicial review of administrative agency action in accordance with the 1945 Constitution for agencies not then subject to a separate plan of review and those which might later be created.

In the light of that history, the basic contention of Southwestern Bell, that the legislature intended to engraft upon the review of Public Service Commission proceedings a further proceeding by way of declaratory relief without prior administrative review, does not seem tenable. It is likewise certain that the legislative intent in the enactment of § 386.510 RSMo providing for judicial review of Public Service Commission proceedings in the Circuit Court of Cole County, evidenced a legislative intent to require venue in Cole County alone and to deny venue for such review in other counties of the state.[2] The apparent advantages of ease of litigation on the part

2. Except in those instances where a hearing is held in another county.

of the Commission and uniformity of application of the complex law of the regulation of utilities apparently underlie this legislative intention. If the contention of Southwestern Bell were accepted and declaratory judgment relief afforded under § 536.050, then by the terms of that statute, the venue of such action could be in any county of the state.

In short, the arguments of Southwestern Bell that this court depart from *Jefferson* and inferentially overrule *Clark* are not persuasive, and it must be concluded that Southwestern Bell has pursued an improper procedural route in its attack upon the Commission's ruling concerning interrogatories. Thus, by finding that no jurisdiction existed to entertain the action of the circuit court in the declaratory judgment action, any need for consideration of the issue of the propriety of the interrogatories under that branch of the case is eliminated. If the circuit court is without jurisdiction to determine the issue, this court is likewise without jurisdiction to consider the issue. *Brogoto v. Wiggins,* 458 S.W.2d 317 (Mo. 1970).

■ Insofar as the issue with respect to interrogatories is raised by the proceedings in the underlying Public Service Commission case by Southwestern Bell's appeal from the order compelling answers to interrogatories, it is sufficient to say that the order with respect to discovery in that case is by its very nature interlocutory, and the order appealed from is not a final determination in the case and is, therefore, not subject to review under the provisions of § 386.510 RSMo. There is, thus, no occasion to consider the merits of Southwestern Bell's claim as to the invalidity of the interrogatories under that branch of the appeal. *State ex rel. Summers v. Public Service Commission,* 366 S.W.2d 738 (Mo.App.1963).

Judgment of the Circuit Court of Cole County, Missouri, is reversed in cause No. 29845, the declaratory judgment action; and the judgment of the Circuit Court in cause No. 29844, the proceeding under § 386.510 RSMo is reversed and remanded to the circuit court with directions to remand the cause to the Commission for further proceedings.

All concur.