### In re the Application of OSAGE WATER COMPANY.

#### Nos. WD 58663, WD 58683.

Missouri Court of Appeals, Western District.

April 10, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 29, 2001.

Application for Transfer Denied Aug. 21, 2001.

Gregory Williams, Sunrise Beach, for appellant.

Gary Duffy, Keith Krueger, Jefferson City, for respondent.

PAUL M. SPINDEN, Chief Judge.

Osage Water Company and the Public Service Commission appeal the circuit court's judgment reversing the commission's decision to permit Osage Water to provide water to the Parkview Bay Subdivision in Osage Beach. The circuit court found that the commission's decision was unlawful because the commission lacked authority to grant its certificate of convenience and necessity without Osage Beach's consent. Because the circuit court was without jurisdiction to enter its judgment, we reverse the circuit court's judgment and remand for it to quash its order for lack of jurisdiction.

In January 1997, Osage Water asked Osage Beach's Board of Aldermen to allow it to serve Parkview Bay Subdivision.[1] The city approved the request on the condition that Osage Water would meet design standards in the Code of Ordinances.[2] In July 1997, the city withdrew its approval and rescinded Osage Water's right to serve Parkview Bay. The city found that Osage Water did not meet "the design standards set for the water franchise ordinance." [3]

---

1. The subdivision is within the city's incorporated boundaries.

2. The aldermen's minutes do not disclose what design standards in the Code of Ordinances that Osage Water had to meet.

3. The aldermen's minutes do not specify which standards Osage Water failed to meet.

After being denied approval by the city, Osage Water filed an application for a certificate of public convenience and necessity with the commission on December 10, 1997, to provide public utility water service to Parkview Bay. The city was not a party to the proceeding before the commission and chose not to intervene.[4] After a hearing, the commission, on August 10, 1999, issued a certificate of public convenience and necessity to Osage Water. The commission decided that Osage Water was not required to obtain the city's franchise or consent to provide water to Parkview Bay because Osage Water was not going to use public rights of way to provide its service.

On August 19, 1999, the city filed an application for rehearing with the commission, and, on October 19, 1999, the commission denied the application on the ground that the city lacked standing to request a rehearing. On November 2, 1999, the city filed a petition for writ of review with the circuit court. It named the commission as a party but did not name Osage Water. Authorities served a copy of the petition and summons only on the commission. On April 27, 2000, the circuit court reversed the commission's decision. The circuit court concluded that the commission did not have the authority to grant the certificate because Osage Water did not obtain a franchise or consent from the city to operate as a water corporation within the city's boundaries. On May 5, 2000, Osage Water filed an application to intervene in the circuit court proceeding, a motion to set aside the judgment, a motion to dismiss the petition for review, or, in the alternative, a motion for rehearing. The circuit court denied Osage Water's motion to intervene. Osage Water and the commission filed this appeal.

As an initial matter, Osage Water contends that this court lacks subject matter jurisdiction to review the commission's decision because the city did not serve its petition for review on Osage Water. This, it asserts, deprived the circuit court of jurisdiction. In support of its contention, Osage Water relies on Rule 100.01 and § 536.110, RSMo 2000.

■ Rule 100.01 says, "The provisions of sections 536.100 through 536.150, RSMo, shall govern procedure in circuit courts for judicial review of actions of administrative agencies unless the statute governing a particular agency contains different provisions for such review." The statutes governing the Public Service Commission do contain a provision for judicial review of the commission's orders or decisions. That provision, § 386.510, RSMo 2000, says:

> Within thirty days after the application for a rehearing is denied, or, if the application is granted, then within thirty days after the rendition of the decision on rehearing, the applicant may apply to the circuit court of the county where the hearing was held or in which the commission has its principal office for a writ of certiorari or review (herein referred to as a writ of review) for the purpose of having the reasonableness or lawfulness of the original order or decision or the order or decision on rehearing inquired into or determined. The writ shall be made returnable not later than thirty days after the date of the

4. The city sent a letter to the commission which said, "A copy of an Order and Notice that was effective December 15, 1997 was sent to the Mayor of Osage Beach in the above referenced matter. I have been instructed by the Board of Aldermen for the City of Osage Beach to advise you that the City of Osage Beach does not choose to intervene in this case so long as the Application is restricted to the services requested by Osage Water Company to Parkview Bay Subdivision in Osage Beach, Missouri."

issuance thereof, and shall direct the commission to certify its record in the case to the court. On the return day the cause shall be heard by the circuit court, unless for a good cause shown the same be continued. No new or additional evidence may be introduced upon the hearing in the circuit court but the cause shall be heard by the court without the intervention of a jury on the evidence and exhibits introduced before the commission and certified to by it. The commission and each party to the action or proceeding before the commission shall have the right to appear in the review proceedings. Upon the hearing the circuit court shall enter judgment either affirming or setting aside the order of the commission under review. In case the order is reversed by reason of the commission failing to receive testimony properly proffered, the court shall remand the cause to the commission, with instructions to receive the testimony so proffered and rejected, and enter a new order based upon the evidence theretofore taken, and such as it is directed to receive. The court may, in its discretion, remand any cause which is reversed by it to the commission for further action. No court in this state, except the circuit courts to the extent herein specified and the supreme court or the court of appeals on appeal, shall have jurisdiction to review, reverse, correct or annul any order or decision of the commission or to suspend or delay the executing or operation thereof, or to enjoin, restrain or interfere with the commission in the performance of its official duties. The circuit courts of this state shall always be deemed open for the trial of suits brought to review the orders and decisions of the commission as provided in

the public service commission law and the same shall be tried and determined as suits in equity.

Osage Water argues, however, that § 386.510 is inadequate and constitutionally defective as to the notice to be given to interested parties and should be supplemented by § 536.110.2 as provided by Rule 100.01.

Section 536.110.2 says:

Such petition may be filed without first seeking a rehearing, but in cases where agencies have authority to entertain motions for rehearing and such a motion is duly filed, the thirty-day period aforesaid shall run from the date of the delivery or mailing of notice of the agency's decision on such motion. No summons shall issue in such case, but copies of the petition shall be delivered to the agency and to each party of record in the proceedings before the agency or to his attorney of record, or shall be mailed to the agency and to such party or his said attorney by registered mail, and proof of such delivery or mailing shall be filed in the case.

Osage Water contends that, pursuant to § 536.110.2, as made applicable by Rule 100.01, the city should have given notice of its petition for review by serving it on all parties.

The city counters by asserting that § 386.510 is a special statutory review procedure and is outside the scope of Rule 100.01 and Chapter 536. It relies on *State ex rel. Anderson Motor Service Company, Inc. v. Public Service Commission of Missouri*, 339 Mo. 469, 97 S.W.2d 116 (1936), in which the Supreme Court construed § 5234, RSMo 1929, the predecessor to § 386.510. The Supreme Court held that formal notification of a petition for review

was unnecessary because the General Assembly expected that interested parties would keep themselves apprised of a case's progress. The court said that § 5234 requires "the parties who appear before the commission and are interested in its orders and decisions, shall keep themselves informed and take notice, without formal notification or summons, of the further proceedings which, by express provisions of the statute, may ensue for reviewing the order or decision of the commission." *Id.* at 119.

The General Assembly, however, had not enacted Chapter 536, the Administrative Procedures Act, when the Supreme Court decided *Anderson Motor Service*. Nor had the Supreme Court promulgated Rule 100.01. We must deem Rule 100.01 to have had a modifying effect on the holding of *Anderson Motor Service*.

After enactment of Chapter 536 and promulgation of Rule 100.01, the Supreme Court decided *Union Electric Company v. Clark*, 511 S.W.2d 822 (Mo.1974). In that case, the court faced the issue of whether Union Electric could challenge the validity of a commission order in a declaratory judgment action. The issue was whether § 386.510, the successor to § 5234, was exclusive to the procedure provided for in Rule 100.[5] Relying on its decision in *State of Missouri ex rel. State Tax Commission v. Luten*, 459 S.W.2d 375 (Mo. banc 1970), the Supreme Court ruled that § 386.510 was " 'all inclusive' " as to the procedure " 'therein provided.' " [6] *Union Electric*, 511 S.W.2d at 825 (quoting *Luten*, 459 S.W.2d at 378). The Supreme Court held that "the Legislature . . . provided a special separate statutory procedure for the review of an 'original order or decision' of the Commission . . . and that the procedure provided for in § 386.510 [was] exclusive and jurisdictional." *Id.*

The city contends that *Union Electric* stands for the proposition that Rule 100 does not apply to review of the commission's decisions. We disagree.

The teaching of *Union Electric* is that, to the extent that § 386.510 provides the details for the procedure for review (the procedure "therein provided"), the statute is all-inclusive and exclusive. In *Union Electric*, because § 386.510 provided that "the applicant may apply to the circuit

---

5. The provisions in Rule 100 have changed since the Supreme Court's decision in the *Union Electric* case. The previous version of Rule 100, however, essentially recited the language that is now contained in §§ 536.100 to 536.150; whereas the current version of Rule 100.01 says that "[t]he provisions of sections 536.100 to 536.150 shall govern procedure in circuit courts for judicial review of actions of administrative agencies unless the statute governing a particular agency contains different provisions for such review." Indeed, the court in *Union Electric* noted that Rule 100.03 provided "that an aggrieved person who has exhausted all administrative remedies 'shall be entitled to judicial review thereof, as provided in Rule 100.04 to 100.08, unless some other provision for judicial review is provided by statute[.]' " *Union Electric*, 511 S.W.2d at 824 (emphasis omitted).

6. The *Union Electric* court also cited the *Luten* case for the proposition that § 386.510 was a review procedure that was " 'entire' within itself." 511 S.W.2d at 825. The *Luten* court, however, never said that § 386.510 was an "entire" procedure. The *Union Electric* court picked up the "entire" language from a reference to the arguments put forward by the respondent in that case. *See Luten*, 459 S.W.2d at 377–78. In fact, the *Luten* court rejected the respondent's argument that Rule 100 required that a review statute must contain an "entire procedure" for review before Rule 100 was applicable. The *Luten* court said, "No authority is cited for this argument, nor do we believe it can be sustained." *Id.* at 378.

court of the county where the hearing was held or in which the commission has its principal office for a writ of certiorari or review," Union Electric could not challenge the commission's order by filing a declaratory judgment action pursuant to Rule 100 in the Circuit Court of the City of St. Louis. *Id.* The Union Electric court properly affirmed the circuit court's order to dismiss the petition for review.

The city does not mention in its argument, however, the remaining holding of the *Luten* case, the case on which *Union Electric* relied. In *Luten,* the court said:

> When a court review of any administrative body is sought, it is first logical to see if there are any specific provisions for the same in the statutes relating to the particular agency. Such provision may be all inclusive, as per example Section 386.510 in connection with the Public Service Commission, and the procedure therein provided should be followed.... If such specific provisions do not detail all factors involved, then the general provisions of Supreme Court Rule 100, "Administrative Review," should be followed to supplement such inadequacies[.] Lastly, some administrative bodies have no special provisions for judicial review and the procedure is governed by Rule 100, except as to such exceptions as may be specifically provided.

*Luten,* 459 S.W.2d at 378. Again, § 386.510 is "all inclusive" as to the procedure provided therein. But the *Luten* case instructs that, to the extent that that specific provision does not "detail all factors involved," we look, as directed by Rule 100, to §§ 536.100 to 536.150 to supplement the procedures. *Id.*

■ Section 386.510 did not require the city to give the parties notice of its petition for review, but § 536.110.2 did. It required the city to give notice of its petition for review by serving a copy of the petition on all parties. Without this notice as provided by the legislature, Osage Water was denied rights of process granted to it by the General Assembly. This denial violated Osage Water's rights of due process as guaranteed it by article I, section 10 of the Missouri Constitution. *See State ex rel. Cass County v. Dandurand,* 759 S.W.2d 603, 605 (Mo.App.1988). "[I]t is jurisdictional that the agency and each party of record be notified personally or by registered mail of the petition for review filed by an aggrieved party." *State ex rel. Henze v. Wetzel,* 754 S.W.2d 888, 895 (Mo.App.1988).

■ Because Osage Water did not have notice of the city's petition for review, it did not appear and participate.[7] The circuit court lacked jurisdiction to hear the cause, and this court has no jurisdiction to review the proceedings. *Id.*

The ruling in *Anderson Motor Service* that a party's due process rights are not violated when it does not receive formal notice of a petition for review filed pursuant to § 386.510, predates Chapter 536 and Rule 100.01. The Supreme Court in *Anderson Motor Service,* however, cited with approval a decision by the Supreme

---

7. Osage Water did attempt to intervene in the proceeding and filed a motion to set aside the judgment, a motion to dismiss the petition, or, in the alternative, a motion for rehearing, but it filed these after the circuit court issued its judgment. The city asserts that this demonstrates that Osage Water was not prejudiced by the lack of notice. We disagree. Osage Water had a right to appear and to be heard. Due process demanded that it have notice of the proceeding.

Court of Iowa which stated: " '[w]hether formal notice should be given for the purpose of obtaining a review is a question wholly of legislative discretion.' " 97 S.W.2d at 119 (quoting *Brown and Bennett v. Powers*, 146 Iowa 729, 125 N.W. 833, 835 (1910)). The General Assembly had not exercised its legislative discretion when the court decided *Anderson Motor Service*, and the Supreme Court concluded that its not requiring notice was not a due process violation. The General Assembly *has* exercised its discretion now to require notice. The circuit court's failure to accord this process to Osage Water violated its due process rights as guaranteed it by article I, section 10 of the Missouri Constitution.

Osage Water was a party to the proceeding before the commission, and it did not receive notice of the city's petition for review. The circuit court, therefore, was without jurisdiction to enter its judgment of April 27, 2000. Because the circuit court did not have jurisdiction to determine the issues presented in the petition for review, we do not have jurisdiction to consider the appeal. We, therefore, reverse the circuit court's judgment and order that its order be quashed for lack of jurisdiction.

JAMES M. SMART Jr., Judge, and RONALD R. HOLLIGER, Judge, concur.