**OSAGE WATER COMPANY,**
Plaintiff–Appellant,

v.

**CITY OF OSAGE BEACH,** Parkview Bay Development, Inc., Bayberry Development Co. II, Inc., Parkview Bay Condominium Owners Association, Inc., Defendants–Respondents.

**No. 23961.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 28, 2001.

Gregory D. Williams, Sunrise Beach, for Appellant.

Michael G. Berry, Jefferson City, James D. Sickal, John E. Curran, Osage Beach, for Respondents.

GARRISON, Presiding Judge.

Osage Water Company ("Osage Water") appeals from the entry of summary judgments in two cases filed by it. In the first, Osage Water sought an injunction and damages from Parkview Bay Development, Inc. ("Parkview") and Bayberry Development Co. II, Inc. ("Bayberry") ("Case No. 1"). Later, it filed suit against the City of Osage Beach (the "City") seeking an injunction and damages ("Case No. 2"). These cases were consolidated, with other suits filed by Parkview and Bayberry. The defendants in Cases No. 1 and 2 each filed motions to dismiss that were treated and ruled as motions for summary judg-

ment. Those rulings resulted in this appeal.

It appears from the record that a subdivision in Camden County, Missouri, known as Parkview Bay Subdivision ("Parkview Bay"), was developed by Bayberry. Bayberry apparently sold land to Parkview for the construction of condominiums within Parkview Bay (the "Condominiums"). Osage Water is a Missouri corporation providing water service to specific areas in Camden County, Missouri. It is described in the record as a "water corporation" and "public utility" authorized by the Missouri Public Service Commission ("PSC") to provide public water utility service pursuant to the terms and conditions of its Water Tariff on file with the PSC.

On December 24, 1996, Osage Water signed a contract with Parkview agreeing to provide a water supply and distribution system to the Condominiums. In that agreement, Parkview agreed to convey to Osage Water "such easements for the construction, operation, maintenance, and repair of all water collection lines, including an easement of access to repair all meters and remote reading devices installed within individual condominium units, as are necessary for the proper operation, maintenance, and expansion of said Water System, together with the real estate situated in the County of Camden, State of Missouri, upon which the water well is to be located." The contract specified that it was subject to the granting of a certificate of convenience and authority by the PSC, and the consent by the City to the granting of the PSC certificate.

The following is a timeline of some of the subsequent events that we are able to gather from allegations in the record which are helpful in understanding this case:

January 23, 1997: the City granted its approval for Osage Water to apply to

the PSC for a certificate to service the Condominiums.

February 1997: Osage Water filed an application with the PSC seeking a certificate of convenience and necessity from the PSC to serve Parkview Bay.

March 27, 1997: Bayberry, an owner of land in Parkview Bay conveyed land to Osage Water "[t]ogether with an easement for the operation, maintenance, repair and replacement of the existing water lines and water system now located in or hereafter installed or constructed in [Parkview Bay]."

March 1997: Osage Water drilled a well on the property conveyed to it by Bayberry.

April 17, 1997: the Osage Beach Fire Protection District ("Fire District") adopted an ordinance establishing requirements for the supply of water through mains and fire hydrants as a condition to the issuance of building and occupancy permits within the Fire District. The ordinance required all newly constructed water supply delivery systems to maintain a fire flow rate of 1,000 gallons per minute for a minimum period of two hours.

February 25, 1998: Parkview declared that the contract between it and Osage Water void and of no effect by reason of Osage Water's breach of the conditions of that document and the failure of Osage Water to provide an appropriate water supply. There is an indication in the record that the Fire District had refused to issue further building permits because of Osage Water's alleged failure to comply with minimum fire flow requirements of the ordinance.

June 1998: Parkview sought a permit from the Missouri Department of Natural Resources ("MDNR") to construct a new water well and turn it over to the City, saying that it intended to construct a new well, and disconnect and abandon Osage Water's well.

October 1998: an evidentiary hearing was conducted before the PSC concerning Osage Water's application for a certificate of convenience and necessity. The City subsequently filed a letter stating that it did not wish to intervene or participate in the PSC proceedings.

November 10, 1998: Osage Water filed its petition in Case No. 1 seeking to enjoin Parkview and Bayberry from interfering with Osage Water's water supply and distribution system.

January 29, 1999: Parkview disconnected Osage Water's water well from its distribution lines and water meters, and connected them to the water well it had by that time constructed and conveyed to the City.

February 3, 1999: police officers of the City prevented Osage Water from reconnecting its well to the distribution system.

February 8, 1999: Osage Water filed its petition against the City in Case No. 2 seeking an injunction against interference with Osage Water's water supply and distribution system, enjoining the City from operating and maintaining the water system constructed by Parkview within the area covered by Osage Water's easement, and for damages.

August 10, 1999: the PSC issued its report and order granting Osage Water a certificate of convenience and necessity to provide water utility service to Parkview Bay.

The City later filed suit against the PSC in the Circuit Court of Cole County, Missouri, challenging the certificate of conve-

nience and necessity issued to Osage Water. On April 27, 2000, a judgment was entered in that suit reversing the PSC order granting the certificate to Osage Water (the "Cole County Judgment"). The basis of that judgment was that the City had not consented to Osage Water's operation within its boundaries.

In Case No. 1, Osage Water alleged that it was the owner of a tract of land on which it had constructed a water well, storage facility, and related equipment, and that it also owned an easement for the operation, maintenance, repair and replacement of the water lines and system then located in or thereafter installed in Parkview Bay. It further alleged that Parkview had represented to the MDNR that it intended to construct an alternate water supply and thereafter disconnect Osage Water's supply from the water distribution system located on its easement, and that Parkview and Bayberry had commenced construction of a water well on other property in Parkview Bay. Osage Water sought to enjoin Parkview and Bayberry from disconnecting its water supply from the distribution system or from otherwise interfering with its operation, maintenance, repair and replacement of the water supply and distribution system. It also sought to enjoin Parkview and Bayberry from operating, maintaining, repairing or replacing any water line or water system in Parkview Bay. In another count, Osage Water sought damages in the event Parkview or Bayberry actually interrupted service to its customers.

In a motion to dismiss, Parkview and Bayberry alleged that the contract between Osage Water and Parkview required, as a condition precedent, that Osage Water have a certificate of convenience and necessity from the PSC; that the certificate was, in fact, subsequently granted by the PSC; that the decision

to grant the certificate was reversed in the Cole County Judgment; and that Osage Water had breached the contract because it did not have the required certificate. Attached to the motion as exhibits were copies of the contract and the Cole County Judgment.

In Case No. 2, Osage Water sought to enjoin the City from interfering with its operation, maintenance, repair, and replacement of the water supply and distribution system located within the easement, to enjoin the City from operating, maintaining, repairing or replacing any water line or water system within Parkview Bay; and for damages by reason of the City's alleged conversion and appropriation of Osage Water's system. In its "Motion To Dismiss, Or In The Alternative, Motion For Continuance" the City alleged that by reason of the Cole County Judgment, Osage Water had no lawful authority to operate a water business serving the Condominiums, referring the court to a copy of that judgment previously filed with the court. The City characterized Osage Water's petition as "absurd" because if "Osage Water got its way in this suit, the Court would be required to enjoin the [City] from lawfully furnishing water to Parkview Bay, so that Osage Water could unlawfully do so." In the alternative, the City sought a continuance until "all avenues of appealing from the April 27 decision of the Cole County Circuit Court are exhausted."

Osage Water filed suggestions in opposition to the *City's* motion to dismiss in which it asserted that its claims against the City did not depend on "any contract right or any right to dispense water: they rely exclusively on the fact that [Osage Water] has a valid, private, exclusive easement to build, operate, and maintain any water system on the property of [Parkview Bay], and that [Osage Water] owns just

such a system on that property. The City has seized [Osage Water's] system and blatantly infringed [Osage Water's] easement, without even attempting to use Missouri's clear, statutory procedure for a city to condemn a water system." Osage Water attached several documents to its suggestions, including a copy of minutes of a meeting by the City's board of aldermen involving a request by Osage Water for the City's approval of its request for a PSC certificate to serve Parkview Bay.

When the trial court heard arguments on the motions to dismiss, a copy of the order of the Cole County Judgment that had been attached to the motion of Parkview and Bayberry was admitted without objection. Osage Water also offered the minutes of the Osage Beach Board of Aldermen meeting to show that the City consented to Osage Water's proposal to run a water line to the Condominiums, and that the consent was given to allow Osage Water to obtain PSC approval.

■ In its order ruling the motions to dismiss, the trial court noted that the minutes of the board of aldermen and the Cole County Judgment were not part of the parties pleadings, and that the court "must treat the pending motions to dismiss as being motions for summary judgment, under Rule 74.04, and reviews the entire record to determine if there is any genuine dispute about any material question of fact which would prevent the Court from entering judgment for the moving parties, as a matter of law." The trial court concluded that there was no genuine issue of material fact and that, as a matter of law, the pending motions to dismiss should be

granted. It reasoned that the easement to Osage Water did not confer an exclusive right to furnish water service to the Condominiums; that Osage Water's claim for injunctive relief to prevent Parkview and Bayberry from obtaining water from other sources was moot because Osage Water did not have regulatory authority to serve the Condominiums and "therefore lacks capacity to seek equitable relief enjoining the developers and owners of the project from using a different water source"; and that the same was true with reference to Osage Water's claim for injunctive relief against the City furnishing water to the project.[1] It also held that Osage Water had no actionable claim for monetary damages on any of its pleaded theories because it did not have the exclusive right to provide water to the Condominiums, and that contrary to Section 393.170.1,[2] which provides that no water corporation shall begin construction of a water system without obtaining permission and approval from the PSC, Osage Water did not have such authority when it began serving water to the project. The trial court dismissed the claims of Osage Water with prejudice. This appeal followed.

■ Osage Water's first point on appeal is:

> The trial court erred in granting summary judgment on the Motions to Dismiss filed by the City and [Parkview] and dismissing [Osage Water's] Petition because Rule 55.27(b) requires that where matters outside the pleadings are presented to and not excluded by the Court the motion shall be disposed as proved in Rule 74.04, in

1. A case is "moot" where an event has occurred which makes the court's decision unnecessary or makes it impossible for the court to grant the effectual relief. *Rosenfeld v. Thoele*, 28 S.W.3d 446, 451 (Mo.App. E.D. 2000).

2. All references to statutes are to RSMo 2000 and all references to rules are to Missouri Rules of Civil Procedure (2001), unless otherwise indicated.

that no notice and no reasonable opportunity was given to [Osage Water] to present all materials pertinent to the summary judgment.

Rule 55.27(a) and (b) provide that if, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted or on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04, and that all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 74.04. Osage Water's complaint under this point is not that the motions to dismiss were treated as motions for summary judgment, but rather that it was given no notice or reasonable opportunity to present all materials pertinent to the summary judgment.[3]

██ "To consider matters outside of the pleadings and treat a motion to dismiss as one for summary judgment, a court must first give the parties notice that it is going to do so, and it must provide all parties a reasonable opportunity to present all materials made pertinent to a motion for summary judgment." *Baker v. Biancavilla*, 961 S.W.2d 123, 125 (Mo.App. W.D. 1998). In this case, we are not directed to any portion of the record on appeal indicating that the trial court gave the parties notice that it was going to consider the motions to dismiss as motions for summary judgment. The only indication we see from the record of any such determination is in the conclusions of law entered by the trial court when it entered judgment. Parkview, Bayberry and the City contend, however, that Osage Water waived the necessity of such notice and opportunity when it attached minutes of the board of aldermen meeting to its suggestions in opposition to the "motions," and later presented them to the trial court.

██ Notice by the trial court is not required when a party or parties acquiesce in the trial court treating a motion to dismiss as a motion for summary judgment. *Sale v. Slitz*, 998 S.W.2d 159, 162 (Mo.App. S.D.1999). Thus, where the parties introduce evidence beyond that contained in the petition, a motion to dismiss is converted to a motion for summary judgment and the parties are charged with knowledge that the motion was so converted. *Id.* In *Geary v. Mo. State Emp. Ret. Sys.*, 878 S.W.2d 918, 921 (Mo.App. W.D. 1994), the court said that where the plaintiff introduces evidence beyond the pleadings (a letter supported by an affidavit filed in response to defendant's motion to dismiss), "he is charged with knowledge that the defendant's motion to dismiss is thereby '*automatically* converted to a motion for summary judgment.'" In *Shafer v. Western Holding Corp.*, 673 S.W.2d 117, 120 (Mo.App. W.D.1984), the court said that a plaintiff who introduced evidence beyond the pleadings should have known that the motion was converted to a motion for summary judgment, and that formal notice would only have informed him of what he should have already known. *See also WEA Crestwood Plaza v. Flamers Charburgers*, 24 S.W.3d 1, 5 (Mo.App. E.D.

---

**3.** In its brief, Osage Water, says that the "trial court correctly recognized that the Motions to Dismiss by [Parkview] and the [City] could not be sustained without referring to the Cole County Judgment, and correctly treated the same as Motions for Summary Judgment." No issue is raised in this case about whether the motions to dismiss in the two cases constituted motions to dismiss for failure to state a claim or motions for judgment on the pleadings which Rule 55.27(a) and (b) provides shall be treated as motions for summary judgment when matters outside the pleadings are presented to and not excluded by the court. Likewise, we express no opinion concerning that matter.

2000) (where the material supporting the motion was outside the pleadings but was presented to the trial court, an evidentiary hearing was held, and the parties did not suggest that any other documents were necessary to decide the question, it was appropriate to treat the judgment as one for summary judgment.).

■ In the instant case, the motion filed by Parkview and Bayberry attached a copy of the Cole County Judgment vacating the PSC order. The motion filed by the City also referred to that judgment. The trial court had a conference with the attorneys for the various parties and set argument on the motions for five days later. The next day, Osage Water filed suggestions in opposition to the City's motion to dismiss in which it attached, among other things, the minutes of an Osage Beach Board of Aldermen meeting. At the argument, the trial court received evidence, without objection, including the Cole County Judgment and board of aldermen minutes. We are not directed to any portion of the record indicating that Osage Water, at that time, objected to this procedure or indicated a desire or need to supply the trial court with additional evidence touching the issues. Under these circumstances, Osage Water effectively acquiesced in the trial court considering the City's motion to dismiss as a motion for summary judgment. This point is denied to the extent that it relates to consideration of the City's motion to dismiss as one for summary judgment.

■ The same cannot be said, however, concerning the motion to dismiss filed by Parkview and Bayberry. Osage Water's suggestions and attached exhibits, including the minutes of the board of alderman meeting, were in response to the City's motion to dismiss. While the record indicates that the minutes were introduced without objection at the hearing on the motions, there is nothing in the record to indicate that they were introduced with reference to both motions to dismiss as opposed to only the motion referenced in the suggestions to which they were attached, i.e., the City's motion. We are directed to nothing in the record indicating that Osage Water was on notice of or acquiesced in the trial court's consideration of the motion to dismiss by Parkview and Bayberry as one for summary judgment.

■ The fact that the trial court consolidated these cases does not change this analysis. Consolidation of cases by the trial court does not destroy the separate identity of causes of action. *Bradley v. K & E Investments, Inc.*, 847 S.W.2d 915, 925 n. 1 (Mo.App. S.D.1993). When actions are consolidated, they are not merged but remain separate and distinct actions, and consolidation does not change the rights of the parties or make those who are parties in one, parties in the other. *Id.*

Osage Water's point, to the extent it relates to the judgment entered in response to the motion of Parkview and Bayberry, is well taken and that portion of the summary judgment must be reversed.

■ Osage Water's second point is:

The trial court erred in dismissing [Osage Water's] Petitions based on the Judgment entered in the Circuit Court of Cole County because said judgment was not final and was appealed by [Osage Water] and the [PSC] in that orders of the [PSC] remain in force and are prima facie lawful until found otherwise by ultimate ruling of court at conclusion of appeal process [sic].

Because we have already held that the trial court erred in entering judgment for Parkview and Bayberry, our discussion un-

der this point will be restricted to consideration of the judgment in favor of the City. The City's motion to dismiss referred to the fact that Osage Water's petition against it was for an injunction against furnishing water to Parkview Bay, and for damages for lost revenue. The City relied on the allegation that the Cole County Judgment "is a final adjudication, establishing, as a matter of law, that Osage Water does not now, nor has it ever, had authority to construct or operate a water system serving [Parkview]."

Of significance relative to this point is the fact that the PSC and Osage Water appealed the Cole County Judgment to the Western District of this court. On appeal, it was held that the Cole County Circuit Court had no jurisdiction because Osage Water was not notified of the City's petition filed with that court to review the PSC's order. *In re Application of Osage Water Co.,* 51 S.W.3d 58, 64 (Mo.App. W.D.2001). Accordingly, the Western District reversed the circuit court's judgment and ordered that the order entered by that court be quashed for lack of jurisdiction. *Id.*[4]

The appeal of that case and the decision by the Western District occurred after the entry of judgment in the instant case. It has been held, however, that an adverse ruling on the PSC's order by a circuit court does not invalidate the order of the PSC while an appeal continues. *State ex rel. GTE North v. Missouri PSC,* 835 S.W.2d 356, 368 (Mo.App. W.D.1992).[5] Accordingly, the order of the PSC continued in effect through the appeal process in the Western District and, so far as the record here is concerned, continues in effect to

this date because the Western District reversed the Cole County Judgment and ordered it quashed for lack of jurisdiction. Consequently, Osage Water continued to be authorized under the PSC's certificate of convenience and necessity at the time the trial court here entered the judgment of dismissal, and apparently continues to be so authorized to this time.

The significance of the possibility of an appeal from the Cole County Judgment was acknowledged by the City in its motion to dismiss in which it alternatively requested a continuance of the trial setting. It said:

> The [City] believes that if the Court does not grant this motion, a continuance would be appropriate. Conducting a trial would be inefficient under present circumstance. [sic] If [Osage Water] prevailed in the trial of this case, it still could not lawfully furnish water services to the residents of [the Condominiums], unless the Circuit Court of Cole County has its April 27 decision reversed on appeal. It simply makes no sense to spend a week deciding a case that will likely be controlled by the outcome of the pending Cole County Circuit Court Appeal.

The City argues, however, that the issue is not whether Osage Water has valid PSC authority, but rather it is whether Osage Water can preclude Parkview residents from buying water from the City. It contends that the trial court was correct in holding that Osage Water did not have an exclusive right to sell water in Parkview, and that that determination is dispositive regardless of the existence of PSC authority.

---

4. The Missouri Supreme Court denied transfer of the appeal from the Cole County Judgment on August 21, 2001.

5. Section 386.520 provides a procedure for staying or suspending the operation of an order or decision of the PSC during judicial review. There is no indication of such a stay or suspension here.

The City's motion to dismiss was not premised, however, on the lack of an exclusive easement by Osage Water. Rather, it was based solely on the contention that the Cole County Judgment had eliminated Osage Water's authority from the PSC to provide water to Parkview Bay. As indicated above, that premise was erroneous.

The desirability of clearly advising opposing parties and the court of the basis for a motion for summary judgment led our Supreme Court to amend Rule 74.04 in 1994 so as to require particularity in motions for summary judgment with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to the facts upon which it is based. Additionally, a separate legal memorandum explaining why summary judgment should be granted is required. The amended Rule also required responses containing admissions or denials of each of the movant's factual statements in numbered paragraphs that correspond to the movant's numbered paragraphs, the reasons for each denial, and a statement of each additional material fact that remains in dispute with references to where each such fact appears in the pleadings, discovery or affidavits. In short, Rule 74.04 was amended to require specificity regarding the contentions raised in motions for summary judgment.

In the instant case, the City's motion to dismiss, which was treated as one for summary judgment, was based on the Cole County Judgment, not on the lack of an exclusive easement by Osage Water. It is true that Osage Water, in its suggestions in opposition to that motion, made the argument that PSC authority was not the basis of its petition, but rather its theory was that it had an exclusive easement to furnish water to Parkview Bay that had been interrupted and interfered with by the City. That response, and the attached minutes of the board of aldermen meeting, were clearly for the purpose of demonstrating that, contrary to the City's position, a PSC certificate was not determinative of that suit.

█ The City never claimed a right to dismissal in its motion based on the contention that Osage Water did not have an exclusive easement. The result reached by the trial court here, to the extent it relied on a determination that Osage Water did not have an exclusive easement to serve Parkview Bay, went beyond the issue posed in the City's motion to dismiss. We are not directed to any portion of the record indicating that Osage Water was on notice that there was to be a determination of whether its easement in Parkview Bay was truly exclusive, and that it was required, in responding to the City's motion, to present all evidence touching that issue upon which it might rely. Likewise, we are referred to no authority whereby the City's motion should be considered to have been enlarged from its clear terms. A motion for summary judgment requires notice of the specific contentions upon which it is based. We see no reason why a motion to dismiss that is considered as a motion for summary judgment pursuant to Rule 55.27 should not be restricted to the issues specifically raised in it.

The apparent confusion about the scope of the City's motion to dismiss supports what some courts have said is the suggested procedure when a trial court intends to consider a motion to dismiss as a motion for summary judgment. Thus, our courts have said that although Rule 55.27(a) does not specifically require it, trial courts are urged, when acting pursuant to that rule, to have the moving party refile the motion in compliance with Rule 74.04(c) and then order the opposing party to follow the requirements of Rule 74.04. *Gladis v.*

*Rooney,* 999 S.W.2d 288, 289 (Mo.App. E.D.1999).

Under these circumstances, the trial court was in error in entering judgment for the City premised on the Cole County Judgment vacating the PSC order. Osage Water's second point is well taken. Because of the results reached in this opinion, we need not discuss Osage Water's remaining two points on this appeal.

The judgment of the trial court dismissing the petitions of Osage Water in Case No. 1 and Case No. 2 is reversed, and the case is remanded for further proceedings.

PREWITT, J., and RAHMEYER, J., concur.